UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 13-CR-10149-FDS |
| | ) | |
| EDWARD J. MACKENZIE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(c)

The United States of America, by and through the undersigned Assistant U.S. Attorneys, and counsel for defendant hereby file this Joint Memorandum pursuant to Local Rule 116.5(c):

- The parties move for a pretrial conference before the District Judge in order to set a schedule for any motions and schedule a trial date. *See* L.R. 116.5(c)(2).

- The government produced the automatic discovery in this case in July 2013 and has also made additional early productions of material not yet required by the Local Rules. Separate and apart from its pretrial Jencks, *Giglio*, and other discovery obligations, and other than some of defendant's non-privileged communications since he has been incarcerated on this matter (which the government will produce within the next week), the government is unaware of any additional discovery to produce at this time. In a July 13, 2013 discovery letter, pursuant to Fed. R. Crim. P. 16(b) and L.R. 116.1(d), the government requested all reciprocal discovery from defendant, but to date, has not received any. *See* L.R. 116.5(c)(2)(A).

- At this time, the parties are not aware of any outstanding discovery requests. *See* L.R. 116.5(c)(2)(B).

- Defendant presently intends to file a motion to dismiss the indictment based upon his view that the government improperly obtained privileged material during search warrants it executed in this matter. The parties will ask the District Court for a briefing schedule with respect to this and any other Fed. R. Crim. P. 12(b) motions at the initial status conference. *See* L.R. 116.5(c)(2)(C).

- The parties respectfully request that the Court exclude the time from March 12, 2014 (the date on which this final status conference was originally scheduled) until the next scheduled court date in this matter in the District Court. The parties agree that there are 70 non-excludable days remaining under the Speedy Trial Act, and are presently unaware of any matter that is tolling the running of that time period. *See* 116.5(c)(2)(D).

- If this case were to go to trial, it would likely require 15-20 trial days.  *See* L.R. 116.5(c)(2)(E).

- The parties are unaware of any other matters that would assist the District Court upon transfer of this case.  *See* L.R. 116.5(c)(3).

|  |  |
|---|---|
|  | Respectfully submitted, |
| EDWARD J. MACKENZIE, JR.<br>By his attorney, | CARMEN M. ORTIZ<br>United States Attorney |
| */s/ Robert M. Griffin*<br>Robert M. Griffin, Esq.<br>Counsel for Mackenzie | By:  */s/ Zachary R. Hafer*<br>ZACHARY R. HAFER<br>DUSTIN CHAO<br>Assistant U.S. Attorneys |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

*/s/ Zachary R. Hafer*
Zachary R. Hafer
Assistant U.S. Attorney

Dated: March 13, 2014