# EXHIBIT A

## Cullinane, Jennifer (USAMA - Contractor)

| | |
|---|---|
| **From:** | Hafer, Zachary (USAMA) |
| **Sent:** | Friday, May 23, 2014 12:58 PM |
| **To:** | Bob Griffin (rgriffin@dharlawllp.com) |
| **Cc:** | Chao, Dustin (USAMA) |
| **Subject:** | U.S. v. MacKenzie, 13-10149-FDS |

Bob,

Attached please find 2 PDFs: (1) cover letter describing production; and (2) 2 FBI reports related to the search warrants and potentially privileged material, as we discussed. In total, the FBI reports are 8 pages.

As I was completely the scanning, I noticed a typo on Bates No. U.S. v. MACKENZIE-3636. The three dates referred to in the long paragraph should be May 2013, not May 2014.

Please let us know if you have any questions.

Have a nice Memorial Day.

Zach


5.23.14 letter to Griffin with...


SA Corr 302s - Mackenzie Inves...

1



**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 23, 2014

Robert M. Griffin, Esq.
DharLaw LLP
Two Atlantic Avenue, 4th Floor
Boston, MA 02110
(617) 880-6155

    Re:   United States v. Edward J. MacKenzie, Jr.
            Criminal No. 13-CR-10149 (FDS)

Dear Mr. Griffin:

    As we have previously discussed, please find enclosed at Bates Nos. U.S. v. MACKENZIE 3632 – 3639, two reports that detail the recovery of evidence and chain of custody with respect to certain evidence seized in connection with the search warrants that were executed in this case in May 2013.

    Please call us at (617) 748-3106 if you have any questions.

                                           Very truly yours,

                                           CARMEN M. ORTIZ
                                           United States Attorney

                         By:   */s/ Zachary R. Hafer*
                               ZACHARY R. HAFER
                               DUSTIN CHAO
                               Assistant U.S. Attorneys

enclosures

FD-1057 (Rev. 5-8-10)



UNCLASSIFIED

# FEDERAL BUREAU OF INVESTIGATION
## Electronic Communication

**Title:** (U) SCANNING OF POTENTIAL ATTORNEY/CLIENT (A/C) PRIVILEGED DOCUMENTS

**Date:** 05/12/2014

**From:** BOSTON
    BS-C1
    **Contact:** Krista L. Corr,

**Approved By:** SSA DEITLE CYNTHIA M

**Drafted By:** Krista L. Corr

**Case ID #:**



**Synopsis:** (U) On May 7, 2014, Special Agent (SA) KRISTA L. CORR provided to Office Services Technician (OST) KATHLEEN LUNDIN three red jackets and one evidence bag containing documents for scanning. These documents may be subject to A/C Privilege.

**Full Investigation Initiated:** 09/26/2011

**Enclosure(s):** Enclosed are the following items:
1. (U) Inventory of search items

**Details:**

On May 2, 2013, three search warrants were simultaneously executed in the above-captioned case by the FBI and the INTERNAL REVENUE

UNCLASSIFIED

U.S. v. MACKENZIE-3632

**UNCLASSIFIED**

Title:  (U) SCANNING OF POTENTIAL ATTORNEY/CLIENT (A/C) PRIVILEGED DOCUMENTS
Re:  ▮▮▮▮▮▮▮▮▮▮, 05/12/2014

SERVICE-CRIMINAL INVESTIGATIONS (IRS-CI). These three locations were: 1. The BOSTON SOCIETY OF THE NEW JERUSALEM (BSNJ), located at 140 Bowdoin Street, Boston, MA. 2. BOSTONVIEW APARTMENTS (BSV), located at 130 Bowdoin Street, Boston, MA. 3. The residence of EDWARD MACKENZIE, located at 953 Pleasant Street, Weymouth, MA. During the course of the searches, a fourth search warrant was obtained for the Fire Protection Room in the basement of BSV; this search warrant was executed on the same day.

All of the evidence that was removed from the four locations was brought to the FBI and logged in by an Evidence Custodian. The computer evidence was eventually signed over to the computer evidence team at the IRS. The documentary evidence was reviewed by SA CORR during the summer of 2013.

At the beginning of her review, SA CORR created a computer-based inventory. SA CORR used this inventory to record a synopsis of each non-privileged item of evidence that she reviewed. At the completion of this review, SA CORR enlisted the assistance of OST ALYSSA MACDONALD to copy the documents of interest that SA CORR had marked during her review. Those copies are being maintained in SA CORR'S work area.

During her review, SA CORR occasionally came across a document which indicated that it might be subject to Attorney Client Privilege. Examples of this type of document include, but are not limited to: Letterhead of an attorney, a document bearing a notice of caution (claiming the presence of privileged material), or a document containing the name of an attorney in the greeting or address. When SA CORR came across these types of documents, she immediately removed them from the remainder of the evidence and placed them into separate folders and/or envelopes. SA CORR did not read or review the contents of any of these documents prior to or after segregating them.

For each item of evidence, SA CORR created a separate folder to hold all of the potential A/C privileged documents that she identified. For example, if Item #1 of the evidence taken from the BSNJ contained potential A/C privileged documents, all of these potentially privileged

**UNCLASSIFIED**

U.S. v. MACKENZIE-3633

**UNCLASSIFIED**

Title:  (U) SCANNING OF POTENTIAL ATTORNEY/CLIENT (A/C) PRIVILEGED DOCUMENTS
Re: ████████████, 05/12/2014

documents were placed together into a folder labeled "Potential A/C privileged documents, BSNJ Item #1." The same procedure was followed for each item of evidence taken in each of the four searches.

SA CORR made a notation on her inventory of each document that was removed for potential A/C privileges. These references were highlighted in bold and underlined on the inventory. These notations reiterate that the contents of the potential A/C privilege documents were not reviewed by SA CORR.

The documents that SA CORR removed from the general evidence because of potential A/C privilege completely filled two "red jacket" folders as well as approximately half of a third folder. In addition, there was a separate bag of evidence that was seized by an IRS agent during the search of the BSNJ and marked "Tainted material Todd & Weld." This bag was marked as evidence item number 50, 1B69. This evidence bag was never opened by SA CORR nor any other agent associated with the case.

On May 7, 2014, SA CORR provided OST KATHLEEN LUNDIN with the three red jackets containing the potential A/C privileged documents that SA CORR segregated during her review; SA CORR also provided OST LUNDIN with the unopened evidence bag marked 1B69. OST LUNDIN, whose duties are not related to the FBI's public corruption squad, was directed to scan all of these documents onto a computer disk. Once this scanning process is complete, the disk will be turned over to a "taint attorney" at the United States Attorney's Office to conduct a privilege review and a review for any Brady material.

♦♦

**UNCLASSIFIED**

U.S. v. MACKENZIE-3634

FD-1057 (Rev. 5-8-10)

UNCLASSIFIED


OFFICIAL RECORD

# FEDERAL BUREAU OF INVESTIGATION
## Electronic Communication

**Title:** (U) INFORMATION REGARDING THE SEIZURE OF COMPUTERS AND OTHER DIGITAL EQUIPMENT

**Date:** 05/23/2014

**From:** BOSTON
    BS-C1
    **Contact:** Krista L. Corr, ▓▓▓▓

**Approved By:** SSA DEITLE CYNTHIA M

**Drafted By:** Krista L. Corr

**Case ID #:** ▓▓▓▓



**Synopsis:** (U) This communication documents the seizure and subsequent handling of the digital evidence taken from the BOSTON SOCIETY OF THE NEW JERUSALEM, BOSTONVIEW APARTMENTS, and the residence of EDWARD MACKENZIE.

**Full Investigation Initiated:** 09/26/2011

**Details:**

On May 2, 2013, three search warrants were simultaneously executed in the above-captioned case by the FBI and the INTERNAL REVENUE SERVICE-CRIMINAL INVESTIGATIONS (IRS-CI). These three locations were: 1. The BOSTON SOCIETY OF THE NEW JERUSALEM (BSNJ), located at 140 Bowdoin Street, Boston, MA. 2. BOSTONVIEW APARTMENTS (BSV), located at

UNCLASSIFIED

**UNCLASSIFIED**

Title: (U) INFORMATION REGARDING THE SEIZURE OF COMPUTERS AND OTHER DIGITAL EQUIPMENT
Re: ▮▮▮▮▮▮▮▮▮▮, 05/23/2014

130 Bowdoin Street, Boston, MA.  3. The residence of EDWARD MACKENZIE, located at 953 Pleasant Street, Weymouth, MA. During the course of the searches, a fourth search warrant was obtained for the Fire Protection Room in the basement of BSV; this search warrant was executed on the same day.

Digital evidence was collected at each of the search locations, with the exception of the Fire Protection Room. With the exception of one computer (explanation below), all of the computers located within BSNJ, BSV, and MACKENZIE'S residence were imaged on-site and the actual computers were not seized; the identical images of each of these computers were marked as evidence. Custody of all of the digital evidence that was seized at both BSNJ and BSV was accepted by SA KRISTA L. CORR on site prior to releasing the search location on May 2, 2014. All of this digital evidence was subsequently transported to the Boston office of the FBI and logged into evidence by an Evidence Custodian on May 3, 2014. The digital evidence from MACKENZIE'S residence was accepted into custody by FBI Special Agent MATTHEW ELIO on site prior to releasing the search location. SA ELIO subsequently transported this evidence to the Boston office of the FBI where it was logged into evidence by the Evidence Custodian on May 2, 2014. The following is description of each piece of digital evidence, along with a summary of each custody chain and current status:

**BSNJ Digital Evidence:**

1B54:   Image of one MAC computer located at the BSNJ.

1B76:   Image of one Sitemax computer located at the BSNJ.

1B77:   The images of two computers (Dell Inspiron and Dell Optiplex) located at the BSNJ.

1B78:   The images of five computers (2 Dell Dimension 2400, 1 Dell Optiplex, and 2 Sony Vaio) and one Scandisk thumb drive located at the BSNJ.

**UNCLASSIFIED**

U.S. v. MACKENZIE-3636

UNCLASSIFIED

Title:  (U) INFORMATION REGARDING THE SEIZURE OF COMPUTERS AND OTHER DIGITAL EQUIPMENT
Re:  ████████████    05/23/2014

1B81:   Image of one computer located at the BSNJ.

1B82:   Image of one Dell Inspiron located at the BSNJ.

1B83:   Images of two computers (Dell Vestio and Dell Proscribe) located at the BSNJ.

1B84:   Image of one Apple All In One computer located at the BSNJ.

1B79 and 1B80:   Duplicate images of one Apple I-Mac computer located at the BSNJ.

(*Note: **Evidence item numbers 1B79 and 1B80 are both identical images of the only actual computer that was seized from the BSNJ, which was marked as evidence item #1B48. This computer contained too much information to image on-site. For this reason, the actual computer was seized and marked as evidence item #1B48. This computer was charged out of evidence on 5/9/13 by SA CORR and was immediately placed in the custody of FBI Computer Specialist JAMES TYRA. TYRA created two identical images of this computer. These identical images were subsequently entered into evidence by TYRA ON 5/14/13 and marked as evidence items #1B79 and #1B80 respectively. On 5/14/13, SA CORR accepted custody of the computer marked as #1B48 from TYRA and, on that same day, returned it to the custody of BSNJ President MICHAEL BANCEWICZ.**)

Evidence items 1B54, 1B76, 1B77, 1B78, 1B80, 1B81, 1B82, 1B83 and 1B84 were all signed out of evidence on 5/29/13 by SA CORR and were transferred, on that same day, to the custody of IRS employee STEPHANIE GRAHAM. On 5/30/13, GRAHAM transferred custody of these items of evidence to IRS SA BART DONOHUE, who is a Computer Investigative Specialist for the IRS. These items of evidence remain in SA DONOHUE'S custody to date. I have spoken to co-case agent SA SANDRA LEMANSKI from the IRS about this digital evidence and she has told me that the

UNCLASSIFIED

3

UNCLASSIFIED

Title: (U) INFORMATION REGARDING THE SEIZURE OF COMPUTERS AND OTHER DIGITAL EQUIPMENT
Re: ▮▮▮▮▮▮▮▮▮▮ 05/23/2014

contents of this digital evidence has not been reviewed by anyone in her agency to date, subject to further guidance from the United States Attorney's Office.

Evidence item 1B79, which is one of the two identical images of the computer marked as evidence #1B43, has remained in the custody of the FBI and has not been processed or reviewed, subject to further guidance from the United States Attorney's Office.

1B41:   One thumb drive located in a gym bag in MACKENZIE'S office within the BSNJ.

1B44:   One cell phone, one Optima 56 GB, one thumb drive, one SIM card and one external hard drive located in a briefcase in MACKENZIE'S office within the BSNJ.

1B59:   One I-Phone A1429 seized from MACKENZIE'S person while in plain view.

Evidence item numbers 1B41, 1B44 and 1B59 have remained in the custody of the FBI's Evidence Technician since they were entered into evidence on 5/3/13. None of these items of evidence have been processed or reviewed to date, subject to further guidance from the United States Attorney's Office.

**BSV DIGITAL EVIDENCE:**

1B20:   Image of one HP Omni 120 A10 computer located at BSV.

1B21:   Images of two computers (HP Compaq 6000 Pro and Dell Optiplex 755) located at BSV.

Evidence item numbers 1B20 and 1B21 have remained in the custody of the FBI's Evidence Technician since they were entered into evidence on 5/3/13. None of these items of evidence have been processed or reviewed to date, subject to further guidance from the United States Attorney's Office.

UNCLASSIFIED

UNCLASSIFIED

Title: (U) INFORMATION REGARDING THE SEIZURE OF COMPUTERS AND OTHER DIGITAL EQUIPMENT
Re: ▮▮▮▮▮▮▮▮▮▮, 05/23/2014

**MACKENZIE RESIDENCE DIGITAL EVIDENCE:**

1B2: Image of one Sony Vaio computer located at MACKENZIE'S Weymouth residence.

Evidence item number 1B2 has remained in the custody of the FBI's Evidence Technician since it was entered into evidence on 5/2/13. This item of evidence has not been processed or reviewed to date, subject to further guidance from the United States Attorney's Office.

◆◆