## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ( | |
| | ( | |
| v. | ( | CR. NO. 2013-CR-10149 FDS |
| | ( | |
| EDWARD MACKENZIE | ( | |
| | ( | |

## DEFENDANT EDWARD MACKENZIE'S SENTENCING MEMORANDUM
## AND REQUEST FOR A DOWNWARD DEPARTURE OR VARIANCE

Defendant, Edward Mackenzie, submits this sentencing memorandum to assist the Court in fashioning a sentence that is "sufficient, but not greater than necessary," to serve the objectives of sentencing set forth in 18 U.S.C. § 3553(a). Specifically, Mr. Mackenzie submits that a departure and/or variance from the advisory guideline range (hereinafter "AGR") is necessary and appropriate because Mr. Mackenzie's' AGR is greater than necessary to serve the objectives of sentencing set forth in 18 U.S.C. § 3553(a). Specifically, Mr. Mackenzie submits that a sentence of forty eight months is sufficient, but not greater than necessary, to serve the objectives of sentencing set forth in 18 U.S.C. § 3553(a). Accordingly, for the reasons set forth herein, Mr. Mackenzie requests that a sentence of imprisonment of forty eigh+months be imposed in this case.

### PROCEDURAL HISTORY

On May 22, 2013 Mr. Mackenzie was taken into custody by federal agents brought before the United States District Court and charged with a fourteen count indictment alleging Racketeering in violation of 18USC§1962(c), Racketeering Conspiracy in violation of 18 USC§1962(d), Mail Fraud Conspiracy in violation of 18USC§1349, Money Laundering in violation of 18 USC§1956(a)(1)(B)(i) and Wire

Fraud in violation of 18USC§1343. On May 28, 2013 a detention hearing was held before the Honorable Magistrate Bowler and the defendant has been in custody since his arrest.

On October 21, 2014 this Honorable Court conducted a Rule 11 hearing on the fourteen count indictment, the Government moved to dismiss all counts of the indictment alleging extorting and the Court accepted the defendant's plea of guilty to all remaining counts of the indictment.

## PERSONAL HISTORY AND CHARACTERISTICS OF MR. MACKENZIE

Mr. Mackenzie is fifty seven years of age. As noted in the pre-sentence report Mr. Mackenzie's parents abandoned the family when he was four years of age. He was raised in foster homes thereafter where he was the recipient of constant abuse and neglect at the hands of his state sponsored caregivers. He was the victim of various physical, sexual and emotional abuses throughout his entire upbringing. He repeatedly fled the various foster homes he was placed with until age thirteen or fourteen when he began living in the streets seeking shelter where ever he was able. At age seventeen he enlisted in the military service and was honorably discharged after approximately one year.

Mr. Mackenzie has had no meaningful contact with either of his biological parents throughout his entire life. He has two brothers that both reside in Massachusetts as noted in his pre-sentence report he has maintained a close relationship with his brother Ronald.

Mr. Mackenzie was married in 1984 the marriage endured for four years and he has two daughters from that relationship Lauren and Courtney Mackenzie. He maintains a close relationship with his daughters and they are supportive of him throughout this litigation. Mr. Mackenzie also has two daughters Kayla and Devin Mackenzie resulting from his relationship with Kathleen Puglisi. Ms. Puglisi suffered from chronic substance abuse and as a result the Probate and Family Court awarded full custody of both daughters

to Mr. Mackenzie in 1998. Ms. Puglisi tragically passed away in 2012 due to an apparent self-administered drug overdose.

## ADVISORY SENTENCING GUIDLINE RANGE

Probation has calculated Mr. Mackenzie's AGR are between ninety seven months and one hundred and twenty one months attributing him with a criminal history category of III. The Government has moved for an upward departure from the recommended AGR and asks the Court to impose a sentence of one hundred forty four months. The Government's rational for this unwarranted upward departure is in large part based on the book Street Soldier that was authored by Phylis Karas in conjunction with Mr. Mackenzie relative to conduct that is alleged to have occurred over twenty five years ago. The contents of the book's final version were not subject to Mr. Mackenzie's approval or editing. In essence Mackenzie sold the rights to the author and publisher to write this story. Even if the Court were to accept everything contained in the book as true the the conduct is a lifetime in the past and since that era Mr. Mackenzie has earned his Bachelor degree from the University of Massachusetts, engaged in numerous efforts and programs to assist and guide disadvantaged urban youths from the pitfalls of a life of crime. Attached as exhibits to this memorandum are citations awarded to Mr. Mackenzie to this end by both houses of the Massachusetts state legislature as well as former Governor Mitt Romney and others.

As set forth in the PSR, the Probation Department (hereinafter "Probation") calculated Mr. Mackenzie's AGR to be 97 to 121 months. See PSR, ¶ 209. Probation calculated his Total Offense Level (hereinafter "TOL") by first computing the Base Offense Level (hereinafter "BOL") under the guideline found in U.S.S.G.§2B4.1(b)(1)(G): §2E1.1, §2S1.1, §2B1.1 as 31 including enhancements for specific loss amount and offense characteristics. Finally, Probation applied a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and §

3E1.1(b) resulting in a Total Offense Level of 28.

Probation further calculated Mr. Mackenzie's criminal history score to be a 4 based on convictions for larceny, workman's compensation fraud and one conviction for conspiracy to distribute cocaine. The most recent offence having taken place in 2001 some fourteen years ago.

## I.    REQUEST FOR A DEPARTURE AND/OR VARIANCE.

In our constitutional system, the power to define penalties for federal crimes belongs to the legislative branch of government. United States v. Evans, 333 U.S. 483, 486, 68 S.Ct. 634, 92 L.Ed. 823 (1948). However, federal courts possess the discretion to tailor individual sentences within the boundaries set by the statutory framework, subject to the limitations imposed by Congress. See Mistretta v. United States, 488 U.S.361, 364, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

Matters of policy typically are for Congress. See, e.g., Plumley v. S. Container, Inc., 303 F.3d 364, 374 (1st Cir.2002) (explaining that "it is Congress' mission to set the policy of positive law," whereas a court's role is "to interpret that law"). A corollary to this principle is that, in the absence of constitutional infirmity, federal courts are bound by Congress' policy judgments, including judgments concerning the appropriate penalties for federal crimes.

The creation of the Sentencing Commission and the inauguration of a guideline sentencing scheme were valid exercises of congressional authority to fix penalties for federal crimes and, concomitantly, to cabin judicial discretion. See id. at 412. However, Congress' authority in this area is not unbounded. In United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court identified a constitutional infirmity in the sentencing guidelines. Id. at 245. The Booker Court held that mandatory sentences like the enhancement at issue here posed an ex-post-facto

derogation of the constitutionally assured right to trial by jury. Id. (citing U.S. Const. amend. VI). To cure this infirmity, the Court excised the statutory provision that made the sentencing guidelines binding on the federal courts. Id. at 246-46. As a result of Booker and its progeny, District Courts now possess greater flexibility in reaching individual sentencing decisions.

Of course, the ultimate question in every case is whether a sentence is reasonable. Kimbrough v. United States, 552 U.S. 85, 111, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). In each case, a sentencing court should "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." Gall v. United States, 552 U.S. 38, 52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) quoting Koon v. United States, 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). In the present case, Mr. Mackenzie submits that the imposition of a sentence greater than the AGR as calculated by probation will ultimately undermine the sentencing purposes set forth in § 3553(a).

A Departure Or Variance Is Warranted Where Mr. Mackenzie's Criminal History Category Significantly Over-represents The Seriousness Of His Criminal Record And His Likelihood Of Recidivism.

U.S.S.G. § 4A1.3 permits this Court to depart downward when a defendant's criminal history category or offense level significantly over-represents the seriousness of the defendant's criminal record or the likelihood that the defendant will commit further crimes. See U.S.S.G. § 4A1.3; see also United States v. Lindia, 82 F.3d 1154, 1165 (1st Cir. 1996); States v. Mayes, 332 F.3d 34, 36 (1st Cir. 2003); United States v. Shoupe, 35 F.3d 835, 837 (3rd Cir. 1994); United States v. Pinckney, 938 F.2d 519, 521 (4th Cir. 1991); United States v. Reyes, 8 F.3d 1379, 1387 (9th Cir. 1993); United States v. Bowser, 941 F.2d 1019, 1026 (10th Cir. 1991); United States v. Adams, 316 F.3d 1196, 1199 (11th Cir. 2003); United States v. Clark, 8 F.3d 839, 843 (D.C.Cir. 1993).

U.S.S.G. § 4A1.3 provides district courts with the flexibility to adjust a

defendant's criminal history category or offense level if reliable information indicates that the defendant's criminal history category or offense level misrepresents the seriousness of the defendant's past criminal conduct or the likelihood of defendant's recidivism. See Id.; see also U.S.S.G. § 4A1.3. As such, § 4A1.3 departures permit a court to put the defendant's record in the context of his life and background. United States v. Wilkerson, 183 F.Supp.2d 373, 380 (D. Mass. 2002). Pursuant to § 4A1.3, "Every defendant is different and must be considered as an individual." United States v. Hammond, 240 F. Supp.2d 872, 877 (E.D. Wisc. 2003).

There are a number of factors courts have used in determining whether a departure pursuant to § 4A1.3 is warranted: the likelihood of recidivism, comparison of other similar category offenders, the nature of this offender relative to other information available to the Court, the age of the prior offenses as well as of the defendant at the time of the priors, drug and alcohol abuse, the circumstances of the prior offenses, the length of prior sentences, the circumstances of the defendant's life at the time of the priors and the proximity in time of prior offenses, to name a few. See Hammond, supra at 877-880; see also United States v. Leviner, 31 F.Supp.2d 23, 32 (D.Mass. 1998).

As noted above, Probation has determined that Mr. Mackenzie is in Criminal History Category III with four criminal history points. One point was assigned for the 1993 conviction of larceny over $250.00. One additional point for a 2001 workman's compensation fraud conviction, one point for a 2001 larceny over $250.00 and one point for a conspiracy to distribute cocaine conviction in 1990.

A CHC III substantially overstates Mr. Mackenzie' risk of recidivism. This is particularly true given the fact that Mr. Mackenzie's most recent conviction was in 2001. Indeed, since turning 43 years of age, his criminal record is unremarkable. Accordingly, a departure or variance to a CHC II is warranted in this case.

The Guidelines Policy Statement on Age, specifically provides for a departure where

a defendant is elderly and infirm.  See U.S.S.G. § 5H1.1.  Moreover, in United States v. Smith, 445 F.3d 1, 3 (1st Cir. 2006), the First Circuit held that a discouraged or forbidden factor under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines. The guidelines--being advisory--are no longer decisive as to factors any more than as to results. Rather, these factors, like the extent of a variance, have some bearing on the reasonableness of a sentence. Id.

Mr. Mackenzie is 57 years old. Using the low end of the AGR calculated by Probation (91 months) means that he will have to serve approximately 81 months (or approximately 7 years) *assuming* he earns all his good time credits. Thus, even if he receives all of his good time, he would not be released until he is almost 64 years old. Accordingly, his age is another reason for the Court to depart and/or grant a variance in this case.

**Mr. Mackenzie's Low Risk of Recidivism Upon Release Is Justification For a Variance.**

It is well established that the risk of recidivism drops dramatically in defendants who are forty and older, which lessens the need to protect the public from further crimes of the defendant pursuant to 18 U.S.C. § 3553(a)(2)(C). Indeed, among all offenders under age 21, the recidivism rate is 35.5 percent, while offenders over the age of 50 have a recidivism rate of just 9.5%. See United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, at

12. Prior to Booker, a defendant's advanced age and complicated medical issues were a basis for a departure. See U.S. v. Hildebrand, 152 F.3d 756 (8th Cir. 1998)  (affirmeddownward departure for 70-year old from range of 51-63 months to probation with 6 months in home confinement where defendant convicted of mail fraud and had life-threatening health conditions – even though court of appeals said it would not have granted a departure); U.S. v. Baron, 914 F. Supp. 660, 662-665 (D. Mass. 1995) (in bankruptcy fraud, downward departure from range of 27-33 months to probation and home detention to a 76-year old defendant with medical problems which could be made worse by incarceration. Moreover, post-Booker courts have considered a defendant's age as justification for a variance. U.S. v. Carmona-Rodriguez, 2005 WL 846404

(S.D.N.Y. April 11, 2005) (where 55 year old woman pled guilty to distribution of drugs sentence of 30 months (below guideline range) proper in part "in view of the low probability that Carmona-Rodriguez will recidivate"); U.S. v. Carvajal, 2005 WL 476125 (S.D.N.Y. Feb. 22, 2005) (in drug case, career offender guideline of 262 months too great where defendant will be 48 when he emerges from prison and the Court noted that the goal of rehabilitation "cannot be served if a defendant can look forward to nothing beyond imprisonment. Hope is the necessary condition of mankind, for we are all created in the image of God. A judge should be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of useful life. Punishment should not be more severe than that necessary to satisfy the goals of punishment.").

Moreover, one Court specifically noted that recidivism drops substantially with age. See U.S. v. Nellum, 2005 WL 300073 (N.D. Ind. Feb. 3, 2005) (where 57-year old defendant convicted of distributing crack-cocaine; and his guideline sentencing range was 168-210 months, sentence of 108 months because court also had to consider the need to deter Nellum and others from committing further crime under § 3553(a)(2)).

In Nellum, the Court noted:

The positive correlation between age and recidivism is impossible to deny. Indeed, as shown above, the Sentencing Commission in its report did not even bother to separate report statistics on recidivism rates of inmates who are, for example, age 55 at the time of sentence (or age 57 like Nellum). One can only reasonably assume that the trend of decreasing recidivism continues downward after the age of 50. Id. at *3.

Mr. Mackenzie is now 57 years old and it is clear that his risk of recidivism will decline with each passing year. Moreover, he submits that for purposes of a departure or variance, these above factors should be considered in isolation and in combination.

**II.    A FORTY EIGHT MONTH  SENTENCE IS SUFFICIENT BUT NOT
GREATER THAN NECESSARY TO SERVE THE PURPOSES OF
SENTENCING IN 18 U.S.C. § 3553(a)**

Imposing a sentence of forty eight months is sufficient in this case.

It is clear that such a sentence was determined by Congress to be sufficient to
reflect the seriousness of the offense; to promote respect for the law, and to provide just
punishment for the offense; to afford adequate deterrence to criminal conduct; and to
protect the public from further crimes of the defendant.

Consideration Of A Forbidden Factor Provides Further Support For The Reasonableness
Of A Forty Eight Month Sentence In This Case.

In Smith, the First Circuit held that a forbidden factor, like the extent of a

variance, has some bearing on the reasonableness of a sentence. Smith, supra at 3.  Lack

of guidance as a youth and similar circumstances indicating a disadvantaged upbringing

are usually not relevant grounds for determining whether a departure is warranted.   See

U.S.S.G. § 5H1.12. However, this factor, to the extent it is relevant to a variance, has

some bearing on the reasonableness of a sentence.  Id.  In this case, the lack of guidance

as a youth is not only present, it is extraordinary in the sense that since the age of 4,

Mr. Mackenzie was abandoned by both of his parents, was raised in a foster home system

well known for its lengthy history of abuse and neglect ultimately fleeing that abhorrent

system and living on the streets in abject poverty.

One does not have to be a psychologist or psychiatrist to understand the

detrimental and permanent impact these circumstances had on Mr. Mackenzie's

development. In short, he did not grow up in a secure, nurturing and supportive

environment.

A Forty Eight Month Sentence Of Imprisonment Will Reflect The Seriousness Of The Offense, Promote Respect For The Law, And Provide Just Punishment For The Offenses.

Pursuant to 18 U.S.C. § 3553(a)(2), any sentence imposed by the Court must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). Any sentence must also afford adequate deterrence to criminal conduct and protect the public from further crimes by the defendant. 18 U.S.C. § 3553(a)(2)(B)-(C). Mr. MacKenzie submits that a -month sentence of imprisonment is "sufficient, but not greater than necessary," to comply with these sentencing purposes.

Specifically, imposing a forty eight month sentence of imprisonment on this 57 year old man will reflect the seriousness of the offenses involved in this case, will promote respect for the law, and will provide just punishment for the offense. Also, said sentence, will adequately deter Mr. MacKenzie and others similarly situated from future criminal conduct. Finally, a forty eight sentence is more than adequate to pay Mr. MacKenzie's debt to society in this case.

### III.   CONCLUSION.

For all the foregoing reasons, Edward MacKenzie, by and through undersigned counsel, respectfully requests the Court to impose a forty eight month sentence of imprisonment because said sentence is sufficient, but not greater than necessary, to serve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully Submitted,

Edward Mackenzie,

By His Attorney

_____

Robert M. Griffin

71 Park St.

Norfolk, Ma. 02056

508-541-1277

BBO#553893

March 5, 2015