# United States Court of Appeals
## For the First Circuit

No. 15-1339

UNITED STATES,

Appellee,

v.

EDWARD J. MACKENZIE, JR.,

Defendant, Appellant.

Before

Lynch, Kayatta and Barron,
<u>Circuit Judges</u>.

**JUDGMENT**

Entered: October 4, 2016

    Defendant-appellant Edward J. MacKenzie, Jr. ("MacKenzie") pleaded guilty to RICO and fraud counts arising from his defalcations while serving as the "director of operations" for an historic church in Boston.  The government recommended, and the district court imposed, a prison term of 144 months, while the top of the range applicable to Mackenzie under the United States Sentencing Guidelines was 121 months.  Represented by counsel, MacKenzie submits that his sentence was unreasonable.  He has also made pro se appellate filings challenging his indictment, his guilty plea, and the application of the United States Sentencing Guidelines to the facts of his case.  The government moves for summary affirmance.  <u>See</u> 1st Cir. Local Rule 27.0(c).

    Contrary to the assertions of the defense, MacKenzie's autobiographical account of his violent criminal past, his prior frauds, and his disreputable behavior while in custody are all highly relevant to the choice of sentence, and entitled to great weight.  MacKenzie's incorrigibility is impossible to ignore, and the district court reasonably viewed a long prison term as a grim necessity to protect the public.  Its explanation was fair, and bolstered by cogent arguments from the government's sentencing recommendation.  <u>See</u> <u>United States</u> v. <u>Arroyo-Maldonado</u>, 791 F.3d 193, 200 (1st Cir. 2015)(review encompasses "the totality of the circumstances, including the extent of the district court's variance from the Guidelines").

In pro se filings, MacKenzie impugns his indictment as "spoiled," but we can find no support in the record or the law for his contentions on this point. His contentions about multiplicity in his indictment, improper references to vulnerable victims, and unfair attention to his behavior in custody are similarly unsupported and misplaced. The guideline increases applied in his case due to leadership, sophisticated means, misrepresentation, and abuse of a position of trust each stand on their own bottom, resulting in no impermissible double-counting.

MacKenzie also asserts a right to remand for consideration of retroactive application of revisions to the sentencing guidelines on "white collar fraud crime," but we can identify no right to retroactivity or reconsideration under Amendments 791 and 792 to the guidelines or elsewhere.

The motion for summary affirmance is **granted** and the judgment of the district court is summarily **affirmed**.

By the Court:

/s/ Margaret Carter, Clerk

cc:
Afton Marie Templin
Edward J. MacKenzie Jr.
Zachary R. Hafer
Dina Michael Chaitowitz
Dustin Ming Chao