FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

U.S. DIST

| | |
|---|---|
| Edward J. MacKenzie, Jr., ) | Civil Action #_____ FDS. |
| Petitioner, ) | |
| ) | Criminal Action #13-cr-10149-FDS. |
| v. ) | |
| ) | Honorable: F. Dennis Saylor, USDJ. |
| United States of America ) | |
| (AUSA's: Zachary R. Hafer ) | May _10th_, 2017. |
| & Dustin Chao) ) | |
| Respondents. ) | |

PETITIONER: MACKENZIE'S 28 U.S.C. SECTION 2255 PETITION
WITH SUPPORTIVE MEMORANDUM OF LAW REQUESTING THIS COURT'S
HABEAS INTERVENTION

Affidavit of Petitioner: MacKenzie, via: Fed.R.Civ.P. Rule 56(f),
states as follows:

Issues Presented For Review

Ground One

[1]          Ineffective Assistance of Counsel
(Private Facility Lacks Both Federal & State Jurisdictions & Authorities )

   Mackenzie's counsel's failure to fully investigate this case and
object to the Government's/Respondent's unlawful use of the United
States Mail & Telephonic communications of MacKenzie while MacKenzie
was in pre-trial at a **"Private Facility"** which, as the Supreme Court
stated is not authorized under Federal & State Law Enforcement or
Agencies, and thus without any valid jurisdiction to intercept
MacKenzie's U.S. Mail & Telephonic communications without a valid
court warrant, in violations of the Sixth Amendment's Right to have
Effective Assistance of Counsel, Fourth Amendment's Illegal Search
& Seizures & Fifth Amendment's Due Process;

Ground Two

[2]          Ineffective Assistance of Counsel
(Double--Counting/USSG's Enhancements/Point Manipulation)

   Mackenzie's Counsel failed to Object- to the "Double Counting"
USSG's enhancements/Use of Dismissed charges & Point Manipulation
specifically see dismissed charge on 11-3-1993, Larceny of Property
case #930465 Commonwealth of Massachusetts Boston Municiple Court
"BMC" improper 2 Offense Level Enhancements and for Conflict of
Interest as MacKenzie's counsel was the actual DA who prosecuted
MacKenzie for his prior convictions which he now stands to refute
against him & used to enhance MacKenzie's sentence in violations

of the Sixth Amendment's Right to have effective assistance of counsel & Due Process under the Fifth Amendment;

### Ground Three

[3]         Ineffective Assistance of Counsel
Failing to object to Enhancements for charges not presented in indictment
That are Elements of the Crime

Mackenzie's counsel's failure to object to unlawful enhancements for crimes that were "not sentencing factors" but core "elements of a crime" which should have  first been presented in MacKenzie's indictment & second found proven--beyond a reasonable doubt by a Jury,  Judge, Government/Respondnts & U.S. Probation Office/Officer and was not in MacKenzie, violated the 6th Amendmemt's Right to have effective assistance of counsel & also violated the 5th & 6th Amendment's Indictment & Notice Clauses;

### Ground Four

[4]         Ineffective Assistance of Counsel
(Discovery Violations)

Mackenzie's Counsel's failure to hold the Government/Respondent's to its automatic obligation to hand over all core exculpatory & impeachment material evidence over to the accused/Petitioner: MacKenzie within 14 days of MacKenzie's arraignment within the meaning of Brady, Giles & Giglio as required under the Local Rules of the United States District Court & Fed.R.Crim.P. Rule 16, thus, the Government/Respondent's committed reversible legal error which violated the Sixth Amendment's right to have effective assist-ance--of counsel & Due Process under the Fifth Amendment.

[5]                     Timeliness

Mackenzie's Section 2255 Motion/Memorandum of Law in support is

timely as his direct appeal was denied on: October 4, 2016. Also

since MacKenzie's Request for a Writ of Cert, was denied on February

21st, 2017, elevates his due date to February 21st, 2018, in which

his Section 2255 Petition would be due. Mackenzie's instant Section

2255 is thus timely filed long before its due date of February 21st,

2018, as its filed on May_____, 2017, as seen herein.

2

[6]                              Ground One

Ineffective Assistance of Counsel
(Private Facility Lacks Both Federal & State Jurisdictions & Authorities )

MacKenzie's counsel's failure to properly & timely investigate his case preserve & object to the Government's/Respondent's  unlawful use of telephonic & U.S. Mail intercepted letters & private commun- ications with his loved ones without a valid Court warrant while Mackenzie was at a "PRIVATE" facility which as the Supreme Court stated is not sanctioned as Federal or State Government agencies or agents, and is without jurisdiction to intercept MacKenzie's United States Mail, and Telephonic commmunications, in violations of the Sixth Amendment's Right to have effective assistance of counsel & Fifth Amendment's right to Due Process. See Supreme Court's: Minneci v. Pollard,132 S.Ct. 617, 623, 181 L.Ed. 606 (2012)(Federal inmates have no Federal Bivens cause of action for against  Privately run prison workers because these workers are not Federal employees.

See also: Allied Chem. & Akali Workers of Amer., Local Union No. 1 v. Pittsburg Plate Glass Co., et al., 404 U.S. 157, 167, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971); Arrendondo-Virula v. Adler, No. 10-17654, 510 F.App'x 581, 2013 WL 680941 (9th Cir.Feb.26,2013) "Private Company not authorized under either Federal or State laws & lack Federal & State Jurisdictions & power." As seen in MacKenzie, the Private Facility of Wyatt Detention Center IS NOT a component of the United States Department of Justice and has no legal right to intercept MacKenzie's United States Mail & Telephonic communicat- ions and then use it against MacKenzie without a valid court warrant.

3

[7]      Memorandum of Law In Support of Ground One

### Background

[8] On October 14, 2014, MacKenzie entered into a Plea-Agreement. Document: *95+97*.

[9] On October 21, 2014, the U.S. Probation Dep't/Officer filed their Presentence Investigation Report ("PSR") concerning MacKenzie. See Document: *95+97*.

[10] On February 23, 2015, the U.S. Probation Dep't/Officer filed a revised "PSR" Report. Document: *Date , 2-23-2015.*

[11] On February 27, 2015, the Government/Respondent's filed its Sentence Memorandum and Motion for upward departure of 23 months. Document: *105*.

[12] On March 5, 2015, MacKenzie filed his Sentencing Memorandum and request for a downward departure or variance. Document: *106*.

[13] On March 6, 2015, the Judge conducted the Sentencing hearing of MacKenzie. Document: *107*. During which the the Judge overruled MacKenzie's objections to the "PSR" Report, and granted the Government's/Respondent's motion for an upward departure for charges that specifically was not on MacKenzie's indictment & not found proven beyond a reasonable doubt for core Elements of a Crime, that were used against MacKenzie. See Document: *107*.

[14] The District Court Judge then sentenced MacKenzie to 13 concurrent terms of 144 Months incarceration using again charges that were not first presented in MacKenzie's indictment & that were core "elements of a crime" not sentencing factors which were also not found proven beyond a reasonable doubt by a jury, judge, government or U.S. Probation Office/Officer, and should be precluded from

any of this Court's sentencing determination considerations. The Judge also ordered Mackenzie to pay $754,569.74 in restitution. Document: _/O 7_ .

[15] Also for the record MacKenzie did not plead guilty to Count: 6 (extortion), or the related racketeering act, as the Government/ Respondent's agreed to dismiss that Count in exchange for his guilty plea. See Document: _/O 7_ .

[16] In September 2002, Mackenzie, along with Thomas Kennedy, became a member of the Boston Society of the New Jerusalem, a Swedenborgian Church of the New Jerusalem, a Swedenborian Church on Bowdoin Street in Boston ("The Church").

[17] The Church owned the Boston-View Corporation ("The Corporation") which held title to an 18 story apartment building next to the Church.

[18] The Corporation had annual revenues of around 1.4. Million, which it remitted to the Church.

[19] In 2003, Mackenzie recruted family & friends to join the Church, and was then voted into the salaried position of Director of Operations for the Church. He eventually became a director of the Corporation as well.

[20] Mackenzie and his associates began receiving financial benefits from the Church, such as new company vehicles, cash and tuition grants.

[21] In 2004, Mackenzie & Kennedy agreed to have the Church invest $200,000 into "Space Propulsion Inc.," a Florida Corporation.

[22] Space Propulsion wired $40,000 each to Mackenzie and Kennedy days later.

[23] The Church ran a Scholarship Tuition program for its members which Mackenzie played a very important role in.

[24] From 2005 to 2008, the Church mailed approximately $108,980 in tuition payments for the executive's son & daughter. In return, the executive paid Mackenzie over $20,000.

[25] In August, 2005, the Church, on Mackenzie's recommendation hired an Aquarium store owner to install a Coral Reef Aquarium, at a cost of $7,100, and retained the owner to perform monthly maintenance on the Aquarium.

[26] In November, 2005, the Church on Mackenzie's recommendation, hired the Owner to install another large Aquarium in the Church, at a cost of $5,500 and entered into a expanded maintenance contract with him.

[27] In March, 2007, the Church hired the owner to install a third tank, at a cost of $5,000. After the Church paid the owner, however, the Aquarium was installed and maintained in Mackenzie's personal residence.

[28] In exchange for persuading the Church to hire him, the Aquarium store owner paid Mackenzie approximately $3,000 per year from 2007-2011, and concomitantly inflated his bids for the work at the Church.

[29] In April, 2006, Mackenzie and Kennedy deposited checks made payable to the Church or the Corporation into bank accounts they opended in the name of a Trust they had created.

Between 2006 & June 2008, Mackenzie & Kennedy deposited approximately $168,169 into--the accounts.

6

[30] Also in the Spring of 2006, Mackenzie created another Trust, the "Fillabuster Catering Trust." Into this Trust Mackenzie deposited checks and cash he received, and income from the Church, eventually totaling $316,000.

[31] As Director of Operations at the Church, Mackenzie retained contractors to complete repair and maintenance projects at the Church and apartments.

In exchange for being given the work, Mackenzie required the Contractors-to pay him a percentage of the Contract.

[32] The Church paid over $700,000 to the contractors, and Mackenzie received over $220,000 from the contractors.

[33] The reasonableness review of a Sentence is a Two-Step Process. USA v. Rivera-Gonzalez, 626 F.3d 639, 646 (1st Cir.2010). The District Court committed reversible procedural error such as failing to properly calculate Mackenzie's USSG's range, treating the USSG's as Mandatory. Failing to consider the 18 U.S.C.§3553(a) Factors, and selected a sentence based on clearly erroneous facts, facts not stated in Mackenzie's indictment & not found proven beyond a reasonable doubt, as required for "elements of a crime." See USA v. Politano, 522 F.3d 69, 72 (1st Cir.). Here in Mackenzie, his sentence was both procedurally and substantively unreasonable.

[34] The Judge deemed charges that was not presented in MacKenzie's indictment as "Sentencing Factors" not "Elements of a Crime," which should have been first presented in Mackenzie's indictment & second found proven beyond a reasonable doubt by a Jury, Judge, Government/Respondents, U.S. Probation Office/Officer, and clearly was not in Mackenzie. This also violated both Indictment & Notice Clauses of the 5th & 6th Amendments & Due Process.

7

[35] The Court unlawfully used contents of MacKenzie's book called the "Street Soldier" to dramatically enhance his sentence without--any transparent corresponding accountability & due process.

[36] The Government/Respondents improperly urged the Court to upwardly depart under 4A1.3(a) and 5k2.0(a). To the extent the upward departure was based on 4A1.3(a), the Judge did not specify in writing or otherwise, as he was required to, the reason's why Mackenzie's Criminal History Category of III, was under-representive.

At Sentencing hearing the Court only stated "his history is what it is. He is a life-long con-man."

[37] Note: Mackenzie, was sentenced in March, 2015, before the 2015 USSG's went into effect. See Dorsey v. USA, 132 S.Ct. 2321, 2331 (2012). Regardless the provisions regarding the two relevant departures are unchanged between versions. More was required. See United States v. Flores-Machicote, 706 F.3d 16, 21 (1st Cir.2013).

[38] See the Record Fed.R.Crim.P. Rule 11 Plea-Hearing, Document: 100, via: USA v. Mackenzie, #13-cr-10149-FDS. (D.Mass/Boston), October 21, 2014 Count One: RICO Conspiracy, in-violations of 18 U.S.C. Section 1962(d); Count Two Substantive RICO Count in-violations of 18 U.S.C.§1962(c); Counts 3 & 4, Mail-Fraud Conspiracy in-violation of 18 U.S.C.§1349; Count 5, Money Laundering Conspiracy 18 U.S.C. §1956(h) Count Six, Dismissed Extortion; Counts 7-14, Wire Frauds, in violations of 18 U.S.C.§1343. 13 Counts Total. 16 Predicates, now 15 Predicates.

[39]                    Mackenzie's Plea-Hearing
page 29, of the Plea-Hearing paragraphs 2 & up, It's worth noting,

8

because it's a theme in this case and it's alleged in the indictment,
that Mr. Mackenzie is the author of a book called "Street Soldier:
My Life as an Enforcer for Whitey Bulger and the Boston Irish Mafia"
and as part of this Racketeering Conspiracy MacKenzie would provide
a copy of his book to individuals like from various News out-lets
promoting his book & exposing the egregious governmental misconduct
that went on in Boston for over 40 years concerning this instant
U.S. Attorney's Office, & its 800 pound Gorilla the FBI, as the
Public Records so support.

[40]                    Mackenzie's Sentencing
                         March 6, 2015

Sentencing, March 6, 2015 of Mackenzie & his objections to "Multiple
Enhancement" page 5, ¶'s 13-22. Page 5 ¶23, Judge Overrule Objections.

[41]   Unlawful telephonic Interceptions & U.S. Mail
Interceptions were both unconstitutional-- were facilitated without
A valid Court Warrant & Due Process Since Wyatt Detention facility
is a PRIVATE CORPORATION NOT A FEDERAL OR STATE AGENCY OR AGENTS
Without legal authority to intercept U.S. Mail & Tape & Listen to
Telephonic communications of Mackenzie without a valid Court Warrant

Unlawful telephonic taped recording at the Wyatt Detention Facility
which is a Private run facility without any Federal or State authorities
power or jurisdictions, which includes in relevant part Intercepting
telephonic & U.S. Mail communications without a valid court warrant.
Which the Wyatt Detention Facility did not have. See Sentencing
Transcripts, March 6, 2015, of MacKenzie page 6, ¶'s 15-21, Court
overruled Mackenzie's objections on page 6, ¶'s 22-25.

According to The Ninth Circuit's rule of law via: Arrendondo-
Virula v. Adler, No. 10-17654, 510 F.App'x 581, 2013 WL 680941 (9th
Cir.Feb.26,2013), Held Private Corporations/Facilities is not a
component of the United States Department of Justice. A significant

difference exists between employees and independent contractors. See
Minneci v. Pollard, 132 S.Ct. 617, 623, 181 L.Ed.2d 606 (2012)(Federal
inmates have no Federal Bivens cause of action for or against Privately
run prison workers or Private Prisons because these workers & or
Corporation are not Federal employee(s) or Federal Agency.

See also Allied Chem. & Akali Workers of Amer., Local Union
No. 1 v. Pittsburgh Plate Glass Co., et al., 404 U.S. 157, 167, 92
S.Ct. 383, 30 L.Ed.2d 341 (1971). Wyatt Detention Facility which
intercepted Mackenzie's United States Mail & Telephonic communications
did not seek a valid court warrant to do so & is not a Component of
the United States Department of Justice, hence without authority to
do so. Additionally All of the Privately owned Prison Corporations
are unlawfully using Department of Justice's Forms, Memorandums &
other stationary fraudulently against their Private Institutions
Inmates in violations of numerous Federal & State Statutes committing
Fraud upon Mackenzie & others known & unknown nation-wide. Hence,
the specific intercepted Telephonic & U.S. Mail communications cannot
be used against Mackenzie when determining his sentence. To do so
would be to encourage the facilitation of both State & Federal Crim-
inal Statutory Violations & fraud by the Wyatt Detention Facility &
other Privately Owned Corporations.

[42]     The Court, Government/U.S. Probation Dep't
     Deemed Mackenzie Offense Level 28, Criminal history III
             97-121 Months to serve in Prison

However, in the very same breath recommended he be sentenced to
serve 144 Months. See Page 9, ¶'s 13-17, in support. See:

          Mr. Hafer, yes, your Honor, as you know, we are
recommending in this case a sentence of 144 months, which we believe is
is the minimum sentence sufficient, your Honor, in light of the crimes
   to which Mackenzie has pled AND THE LIFE OF CRIME HE HAS LED.

See Sentencing Transcripts, page 24, ¶'s 1-15, Sentenced to 144 months, 3 years of Supervised Release. Restitution totaling $754,569.74 see page 27 ¶'s 21-25, you can Appeal your Conviction if you believe your guilty plea was unlawful or some other defect. See also Page 28, in support.

[43]                     Relief Requested

Deem, Mackenzie's, Ground One issue as meritorious;

Order, this Court to resentence Mackenzie, without considering of the specific U.S. Mail & Telephonic communications of Mackenzie while Mackenzie was held at the Wyatt Detention Facility, (A Private Corporation), because the intercepted communications was seized without a valid court warrant & was generated on the U.S. Dep't of Justice's stationary, knowing that a PRIVATE CORPORATION is not a component of the U.S. Dep't of Justice and had no Federal or State authorities;

Deem, Mackenzie's counsel as ineffective assistance of counsel.

[44]                     Ground Two

Ineffective Assistance of Counsel
(Double Counting/USSG'S Enhancements/Point Manipulation/Conflict
of Interest & Due Process Violations)

Mackenzie's counsel failed to object to the "Double Counting" USSG's enhancements/Use of Dismissed charges & point manipulation specifically see dismissed charge on 11-3-1993, Larceny of Property. Commonwealth of Massachusetts v. Mackenzie, case #930465 (Boston Municiple Court "BMC"), improper 2 Offense Level Enhancements and for "Conflict of Interest" as Mackenzie's counsel was the actual Chief of the Suffolk County District Attorney's Office, chief pro-secutor who prosecuted Mackenzie for his prior convictions which

11

he now stands to refute & challenge against him & used dramatically
to enhance Mackenzie's sentence in violations of the Sixth Amend-
ment's Right to have effective assistance of counsel & due process
under the Fifth Amendment.

[45] The above Ground Two is clearly & concededly articulably,
inextricably intertwined with Grounds One, Three & Four as seen
supra & infra herein.

[46]                         Standard of Review

Mackenzie pled guilty on October 21, 2014 to 13 Counts of a 14
Count indictment.

[47] On March 6, 2015, Mackenzie was sentenced to 144 Months
in Federal Prison. Under Mackenzie's current circumstances, this
Court is guided to review the District Court's sentencing determination
under an abuse of discretion standard. See USA v. Isom, 85 F.3d
831, 834 (1st Cir.1996). The Trial Court's subsidiary fact-finding
in connection with Mackenzie's applicable and cognizable guideline
range, including Criminal History can only be set aside for clear
error. See Pellerit v. USA, 878 F.2d at 1538 (1st Cir.1989).

[48]                     Mackenzie also contends:

(1) The indictment is spoiled/tainted due to its failure to
    specifically identify and properly put Mackenzie on NOTICE
    as to the financial institution that was affected by his action;

(2) the guilty plea is knowingly unintelligently, and involuntary
    based on the spoiled & tainted indictment;

(3) based on wrongly deemed "Sentencing Factors" point manipulations
    Mackenzie's sentencing enhancements are not sentencing factors
    but core "Elements of a Crime" & must be first presented in
    Mackenzie's indictment & second found proven beyond a reasonable
    doubt by a Jury, Judge, Government/Respondents, U.S. Probation
    Office, U.S. Probation Officer & was not in Mackenzie;

                                12

Mackenzie's sentencing enhancements are procedurally & substantially unreasonable;

(4) the District Court failed to identify the specific vulnerable victim and also failed to specifically explain how Mckenzie knew that a specific victim or victims were vulnerable, and did not make any specific factual findings upon which to base the loss amount; and

(5) Mackenzie's 144 month sentence should be VACATED & REMANDED back to the District Court based on the April 30th, 2015, clarifying Amendment promulgated by the United States Sentencing Commission and Congress for white collar FRAUD CRIMES, since his case was pending direct review or appeal at the time the amendment became into effect.

[49] Because the above five arguments were not raised before the District Court, but are indirectly raised in the government's motion for Summary Disposition, the (arguments claims) can now be reviewed under the Plain Error review. See USA v. Bradstreet, 135 F.3d 46, 50 (1st Cir) Fed.R.Crim.P. 52(b). To be correctable under Rule 52(b), an error or defect raised for the first time on Appeal must be plain, meaning clear or obvious at the time of Appellate considerations. Id.

[50] Thus, Mackenzie's five additional claims of errors, here meets the necessary threshold Rule 52(b), Standards, in which this Section 2255 Petition should take under advisement for further Due Process considerations, as seen supra.

[51]                         White Collar Fraud Crime
                            Amendment to USSG's

Following Mackenzie's March 6, 2015 Sentencing phase on April 30, 2015, USSC & Congress promulgated a clarifying Amendment to the USSG for "White Collar Fraud Crimes" lowering Mackenzie's applicable guide-line range by Two levels. Mackenzie timely noted and filed, a Direct Appeal. Mackenzie's case was not finalized and the April 30th, 2015 Amendment is "clarifying," his sentence should be Vacated & Remanded

back to this Honorable District Court to determine whether a TWO LEVEL
reduction is warranted in this instant case. See, e.g., USA v. Chavez-
Salais, 337 F.3d 1170 (10th Cir.2003) (Clarifying amendment to USSG's
can only be raised on direct appeal or a motion pursuant to Section
2255); USA v. Connell, 960 F.2d 191, 197, N.10 (1st Cir.1992); (find-
ing no need for defendant (Mackenzie) to take additional step of filing
§3582 Motion when Remand permits Judge to decide whether to modify
the Sentence in light of a Amendment pending appeal); USA v. Jones,
531 F.3d 163, 182 (2nd Cir.2008)(change in Guidelines during pendency
of appeal warrant remand); USA v. McCalin, 313 F.App'x 552, 556
(3rd Cir.2009) (remand for Court to consider change to Crack Cocaine
USSG's); USA v. Park, 957 F.2d 634, 635 (5th Cir.1992)(Remand in
light of Amendment pending direct appeal/review); USA v. Whiting, 552
F.3d 845, 853 (8th Cir.2008) (remand warranted for Court to consider
Amendments to USSG's pending appeal); USA v. Wales, 977 F.2d 1323,
1327-28 (9th Cir.1997)(Remanding but Not Vacating Sentence in light
of Amendment).

[52] Subsequent to Mackenzie's pro-se filing, the U.S. Supreme
Court rendered its intervening & clarifying change in the law, in
USA v. Molina-Martinez, 136 S.Ct. 1338, 194 L.Ed.2d 444 (2016).

In Molina-Martinez, Martinez's case, applied an incorrect USSG's
range higher than the applicable ones. Id.

The error went unnoticed by the Court and the parties, so no timely
objection was entered. Id. Accordingly, Martinez, has satisfied
his burden to show PREJUDICE by pointing to the application of an
incorrect, higher USSG's range and the Sentence he recieved thereafter.

And Mackenzie was not required to know--more. Id. See supra, herein.

14

[53] In Mackenzie's February 23, 2015 written  objections to the
PSR, Mackenzie objected, inter alia, to the information ascertained
in ¶'s 98 through 102 of the report.

[54] Mackenzie contends that the increases applied pursuant to
USSG's Sections 2B1.1(b)(10)(c), 2B1.1(b)(9)(A), 3B1.3, and 3B1.1(a)
were cumulative, in that, they all encompass the same behavior to
which Mackenzie plead guilty. In his objections, Mackenzie contends
that his enhancements provided in Section 2B1.1(b)(10)(c) is the
applicable appropriate enhancement that should be applied and therefore
Mackenzie's total Offense Level should be reduced by 8 Points or
levels, giving Mackenzie a total Offense Level of 20.

[55] Mackenzie received enhancements for abuse of a postition
of trust for same conduct involving the Church that formed the basis
of the enhancement under Section 2B1(b)(9)(A), and that such enhance-
ment constituted improper "Double, Tripple or even Quadriple counting,"
which is highly prejudicial to Mackenzie's substantial rights & Due
Process under the Fifth Amendment.

Because applicable note 8(E)(i) of 2B1.1 provides that if the
conduct that forms the basis for an enhancement made under section
(b)(9)(A) is the only conduct that forms the basis for an adjustment
under §3B1.3 (abuse of postition of trust or use of special skill),
do not apply that adjustment under §3B1.3. Id.

[56] In simple terms, since the factors that formed the basis
for abuse of  a position of trust were already incorporated by re-
ference in the Offense Characteristics outlines in §2B1.1(b)(10(c),
the District Court was prohibited from further increasing Mackenzie's

15

Offense level by 8 additional levels under §2B1.1(b)(9)(A) & §3B1.3
and §3B1.1, as well as Section 3A1.1.

In doing so the District Court committed reversible legal error
by "quadruply counted." MacKenzie's Offense Level and therefore
applicable USSG's range in violation of his Due-Process Rights.

[57]        **Misinformation Violated Mackenzie's
Due Process**

Its well established that sentences based upon material misinfor-
mation or erroneous assumption violates due process. See Townson
v. Burke, 334 U.S. 736, 740, 92 L.Ed.2d 68 S.Ct. 1252 (1948).

[58]                    **In Sum**

"Clarifying" Amendment 791 & 792,...Mackenzie was sentenced on
March 6, 2015. Thereafter, he filed a timely Notice of Appeal. While
on direct-appeal, on April 30, 2015, the USSC's and Congress promul-
gated "Clarifying" Amendments 791 and 792 to the Guideliens for "White
Collar Fraud Criminals," such as Mackenzie. Thus, lowering Mackenzie's
applicable guidelines range previously imposed by the Sentencing
Court on March 6, 2015, under USSG's §1B1.10 and 28 U.S.C.§994.

[59] Put another way, Mackenzie became eligible for a Sentencing
Reduction once Amendments 791 and 792 subsequently lowered his applic-
able guideline range, while his case was pending "Direct Appeal/Review."
Pursuant to Griffith v. Kentucky, 479 U.S. 314, 320-28, 93 L.Ed.2d
649 (1978); Harper v. Virginia Dep't of Taxation, 113 S.Ct. 2510,
2517, 125 L.Ed.2d 74 (1993), Mackenzie moved the First Circuit Court
of Appeals to Vacate And Remand his Sentence, in a supplemental Pro-Se
pleading, based on Amendment's 791 and 792, contingent upon the fact
that the case was pending Direct Appeal/Review, but to no avail.

[60] The First Circuit Court of Appeals committed reversible structural legal error which was core Procedural defect........when it denied Mackenzie's timely request for Amendments 791 and 792 relief **while on direct review**, and even applied an incorrect legal standard plus went against its own precedent set forth in U.S. v. Connell, 960 F.2d 191, 197 n.10 (1st Cir.1992) and U.S. v. Isabel, 980 F.2d 60 (1st Cir.1992), in doing so. Moreover, there is both a reasonable and actual proability & presumption of a different much more favorable had the Court allowed & granted Mackenzie's issue, supra  under U.S. v. Cronic, 466 U.S. 648, 80 L.Ed.2d 657, 104 S.Ct. 2039 91984) that Mackenzie suffered "Prejudice" from his Court-Appointed Appellate Counsel's failure to pursue Amendments 791 & 791 on direct review.

[61] Amendments 791 & 792 are not "substantive" changes in the law, rather "Clarifying" amendments. Such that, Mackenzie could not and cannot pursue a reduction of sentence under 18 U.S.C.§3582-(c)(2). Instead, he was required to raise the claims either on direct appeal or via: motion for a "Writ of Habeas Corpus" relief under 28 U.S.C.§2255. See, e.g., U.S. v. Connell, 960 F.2d 191, 192 n.10 (1st Cir.1992) (finding no need for defendant to take additional steps of filing §3582 motion, when remand permits a judge to decide whether to modify the sentence in light of an amendment pending appeal.; U.S. v. Isabel, 980 F.2d 60, 62 (1st Cir.1992). See also U.S. v. Chavez-Salais, 337 F.3d 1170 (10th Cir.2003)("clarifying Amendment to guidelines can only be raised on direct appeal or on a motion under 28 U.S.C.§2255), as seen herein.

17

[62]    It's axiomatic that "Clarification" should
be applied retroactively, without specific designation
simply due to the fact that they are designed to clarify
a previously ambiguous pre-existing guideline

See U.S. v. Preziose, 989 F.2d 52 (1st Cir.1993). Amendments 791 &

792 have not unilaterally implemented an entirely new "cap" and have

not substantively and substantially changed the pre-existing USSG's.

See Desouza v. U.S., 995 F.2d 323, 324 (1st Cir.1993); U.S. v. Torrest-

Gonzales, 834 F.Supp. 550, 552 (D.P.R.1993). As such, Amendment's

791 & 792 are merely "Clarifications," which required "only" the

analysis undertaken by both the First Circuit Court of Appeals and

this current Habeas Corpus Court for relief under Section 2255.

The First Circuit Court of Appeals having committed core revers-

ible legal error on direct review, by failing to address the claims

in their entirety, this §2255 Habeas Court should now address the

claims where Mackenzie is entitled to Habeas Corpus relief. Thus,

this instant Section 2255 Habeas Court should reduce Mackenzie's

sentence or applicable USSG's range in light of Amendments 791 & 792.

[63]    Mackenzie's Counsel was not only Ineffective
but also generated a core conflict of interest and should have recused
himself from Mackenzie's case, as he served as the Chief Prosecutor
of Suffolk County which prosecuted Mackenzie on his prior state convictions
that were used by the Government/Respondents/This Court to enhance
Mackenzie's sentence

According to a recent Supreme Court case now held that an inmate

(Mackenzie) didn't need to prove actual bias to get the judge recused

at his murder trial, or to recuse himself. See Rippo v. Barker, U.S.,

No. 16-6316, 3-6-2017. This standard also applies to attorney's.

[64]                "Abuse of Position of Trust"
                        Enhancements

"Abuse of Position of Trust" enhancements was applicable, along with

a separate enhancement under 2B1.1 of the USSG's for misrepresenting

a charity. However, Application Note: 8(E)(i) of 2B1.1 expressly

prohibit defendants (Mackenzie) from receiving the "Abuse of Position
of trust" enhancement when the SAME CONDUCT that forms that basis
of that enhancement also results in the misrepresenting a charity
enhancement. The full text of the relevant Application Note is as
follows depicted in (i) Subsection (b)(9)(A). See supra.

[65]                    Relief Requested

Deem, Mackenzie's counsel as ineffective because of all the issues
presented in Grounds One & Two supra;

Order, Mackenzie to be resentenced to preclude all of the above
unlawful double counting, sentencing enhancements, USSG's enhance-
ments, as seen more specifically supra;

Deem, that because Mackenzie's counsel was in-fact the Chief
Prosecutor of Suffolk County that prosecuted most of Mackenzie's
State cases that of which he challenges in his instant Section
2255 Petition, which adversely is used against him, as a proven
core conflict of interest, allowing a new Plea-Agreement more favorable
to Mackenzie under Fed.R.Crim.P. Rule 11-c-1-c plea of 60 months.

[66]                    Ground Three

Ineffective Assistance of Counsel
Failing to Object to Enhancements for charges not presented in Mackenzie's
Indictment that were not Sentencing Factors but Core Elements of
a Crime And Were Not Found Proven beyond A Reasonable Doubt by a
Jury, Judge, Government/Respondents, U.S.
Probation Dep't or Officer

Mackenzie's counsel's failure to object to unlawful enhancements
for crimes that were "not sentencing factors" but core "elements
of a Crime" which should have been first presented in Mackenzie's
indictment & second found proven beyond a reasonable doubt & was not
in Mackenzie. In violations of the  Sixth Amendment's Right to
have effective assistance of counsel & 5th & 6th Amendment's indict-

19

ment & Notice Clauses.

[67]      Memorandum of Law In Support

For the record, Grounds One, Two & Three are articulably, inextricably intertwined with each other, and without being repeative all of the above enhancements depicted in Grounds One & Two supra violated the Fifth & Sixth Amendment's Indictment & Notice Clauses, as well as the following Supreme Court case law authorities.

[68]      **Apprendi v. New Jersey**
**530 U.S. 466, 67 CrL 459 (2000)**

Held: Facts that makes big variance must be found by a jury not a sentencing judge. Substantive reasonableness is maximum sentence.

The Sixth Amendment claim is based in the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 67 CrL 459 (2000), and its progeny held that **"any fact that increases the Statutory Sentencing range must be found by a jury beyond a reasonable doubt, not by a sentencing judge, using the preponderance of the evidence standard.**

[69]      **Alleyne concluded that:**

"Any fact, by law, increases the penalty for a crime
is an "element" that must be submitted to the jury and found
beyond a reasonable doubt."

**Alleyne, 133 S.Ct. 2155 (citation omitted).**

Supreme Court's Alleyne decision is retroactive concerning Mackenzie's case. In Alleyne v. USA, 133 S.Ct. at 2155 (2013), the Supreme Court discussed the differences between the **"elements of a crime"** and a defendant's **"sentencing factors,"** holding that any fact which increases the mandatory minimum sentence for a crime is a core **"Element of that Crime"** which must be submitted to a jury and found beyond a reasonable doubt. 133 S.Ct. 2151 (2013).

20

Alleyne decision directly and explicitly over-ruled Harris v. USA, 536 U.S. 545 (2002); and McMillan v. Pennsylvania, 477 U.S. 79 (1986) rule of law is now out-lawed the preponderance of the evidence low stadard of proof concerning Elements of a Crime as unconstitutional enhancements. Alleyne, 133 S.Ct. at 2155, Id., the Supreme Court considering the matter in the face or previous decision such as Harris (Out-Lawed) and the valid decision in **Apprendi v. New** Jersey, 530 U.S. 466 (2000), rule that "[i]t is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime." **Alleyne, 133 S.Ct. at 2160:**

> "And "[w]hen a finding of fact alters the legally prescribed punishment so as to aggrate it, the fact necessary forms a constituent part of a new Offense and must submitted to the jury NOT sentencing judge and found beyond a reasonable doubt." Id. at 2162

[70]   **Mackenzie's Sixth Amendment Right to have a Jury, Judge, Government/Respondents/U.S. Probation Office to find Beyond a Reasonable Doubt the essential elements were denied, O'Brien, 130 S.Ct. at 2174 (2009)**

The Supreme Court affirmed the First Circuit Court of Appeal's logic and explained in O'Brien, the "Elements of a crime must be first presented in or charged in the indictment and proved to a jury "beyond a reasonable doubt." O'Brien, 130 S.Ct. at 2174., (citing Hamling v. USA, 418 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) and Jones v. USA, 526 U.S. 227, 232, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)).

[71]     **Jones v. USA, 526 U.S. 227 (1999)**

The Supreme Court categorized separate offense must be deemed a **"Element of a crime"** and is NOT a Sentencing Factor, must be first charged in Mackenzie's indictment and found or proven beyond

21

a reasonable doubt by (Mackenzie's) Jury, Judge, Government/Respond-
ents, & U.S. Probation Office/Officer and was not in Mackenzie.

[72]     **Apprendi v. New Jersey, 530 U.S. 466 (2000)**

The Supreme Court held, what **Jones**, noted in 1999, under the
Sixth Amendment, **ANY** fact or act (other than prior convictions) that
expose a sentence in excess of the relevant statutory maximum must
be found by a Jury, not a judge, and established beyond a reasonable
doubt, not merely by a preponderance of the evidence." **Apprendi**, at
490. See also **Cunningham v. California, 549 270 (2007)**.

[73]     **Ring v. Arizona, 536 U.S. 584 (2002)**

The Supreme Court's Justice Ginsburg, stated, "If a State makes
an increase in a Defendant's (Mackenzie's) authorized punishment
contingent on the finding of a fact, that fact-no matter how the
State labels it must be found by a jury beyond a reasonable doubt...
A defendant (Mackenzie) may not be expose[d]...to penalty exceeding
the maximum he would receive if punished according to the facts
reflected in the jury verdict alone.'" **Ring at 602**.

Justice Scalia and Thomas concurred with Justice Ginsburg, stated
in relevant part that:

> "I believe the fundamental meaning of the jury trial
>         guarantee of the Sixth Amendment is:
>
> that all facts essential to imposition of the level of punishment
> that the defendant (Mackenzie) receives whether the Statute calls
> them **elements of the offense, sentencing factors, or Mary Jane-must
> be found by the jury beyond a reasonable doubt." Ring, at 610**.

[74]     **Blakely v. Washington, 542 U.S. 296 (2004)**

Justice Scalia expounded on the above and distinguished with
clarity, however, that the 'statutory maximum' for **Apprendi** purposes
is the maximum sentence as judge may impose soley on the basis of

of the facts reflected in the jury verdict or admitted by the defend-
ant." **Blakely**, at 303.

[75]    United States v. Booker, 543 U.S. 220 (2005)

The Supreme Court affirmed its holding in **Apprendi**, stating,
"Any fact (other than prior conviction) which is necessary to support
a sentence exceeding the maximum authorized by the facts established
by a Plea of guilty or a jury verdict, must be admitted by the defend-
ant or proved beyond a reasonable doubt." **Booker**, 543 U.S. 224.

[76]    Cunningham v. California, 549 U.S. 270 (2007)

The Supreme Court has repeatedly held that, under the Sixth
Amendment, ANY fact that exposes a defendant to a greater potential
sentence must be found by a jury, not a judge and established beyond
a reasonable doubt, not merely by a preponderance of the evidence."
Cunningham, at 863.

[77]           Sullivan v. Louisiana, 508 U.S. 275,
         113 S.Ct. 2068, 124 L.Ed.2d 182 (1993)
                        &
In re Winship, 397 U.S. 358, 363, 90 S.Ct. 1068,___, 25 L.Ed.2d
                      368 (1970)

Held: The pleading requirement, which held, "the indictment
must contain an allegation of every fact which is legally essential
to punishment to be inflicted." U.S. v. Reese, 92 U.S. 214, 231-33,
23 L.Ed.2d 565 (1875).

[78] Hope v. Commonwealth, 50 Mass. 134, 9 Metc 134 (1845)

Supreme Court Justice Thomas, detailing practices of American
Courts from the 1840's onward, the Defendant was indicted for (and
convicted of) larceny. The larceny statute established two levels
of sentencing based on whether the value of the stolen property
exceeded $100. Because punishment varied with the Value, the State

23

High Court found that value **was an element of the offense** and should have been first stated in (Mackenzie's) indictment. Id., at 137. Issues presented within Mackenzie's book, violence & criminal acts should have been presented within the Grand Jury's investigation of Mackenzie and was not. Id., at 137.

[79]     **Ritchey v. State, 7 Blackf, 168, 169 (Ind.1844)**

numerous other contemporaneous Court decisions reflect this same-- understanding, (holding that indictment for arson must allege value of property destroyed, because statute set punishment based on value).

[80]         **United States v. Fisher, 25 F.Cas. 1086**
                      **(CC Ohio 1849)**

(Mclean, J.) ("A carrier of the mail is subject to a higher penalty where he steals a letter out of the mail, which contains an article of value. And when this offense is committed, the **indictment must allege the letter contained an article of value, which aggravates the offense and incurs a higher penalty**").

A number of contemperaneous treaties similarly took the view that "a fact that increased punishment must be charged in the indictment."

As one 19th-Century commentator explained:

"Where a statute annexes a higher degree of punishment to a common law felony, if committed under particular circumstnaces, an **indictment** for the offense, in order to bring the defendant within that higher degree of punishment, **must expressly charge it to have** been committed under those circumstances, and **must state the circumstances** in the indictment [133 S.Ct. 2160, with certainty and precision. 2 M. Hale, Please of the Crown *170]." Archbold, 51 (15th Ed.1862)."

[81]                  Relief Requested

For the Record, the specific enhancement are more carefully described in Grounds One, Two & Three supra, and shall not be repeated again.

**Deem**, Mackenzie's counsel as ineffective assistance of counsel for failing to preserve this issue, object & moved to preclude enhancements and raise this issue on Direct Review;

**Order,** all constructively amended indictment be dismissed & preclude it from any sentencing determination & **Allow,** Mackenzie to plead guilty to only what he is culpable for & facilitate a new Plea-Agreement under Fed.R.Crim.P. Rule 11 -c-1-c to maximum 5 years with 3 years of supervised release.

[82]                     **Ground Four**

**Ineffective Assistance of Counsel
Discovery Violations**

On May 28, 2013, Mackenzie, was arraigned. See Document: 18.

[83] The Government/Respondent's had an automatic obligation to hand over all core exculpatory & impeachment material evidence over to the accused (Mackenzie) **within 14 days of his arraignment** due date June 11, 2013, and never received it.

[84] On 3-13-2014, the Government/Respondent's partially handed over Discovery to Mackenzie, over 10 months later. See Document: 50.

[85] The specific discovery is clearly presented in Grounds One, Two & Three, supra. Additional discovery was not handed over to Mackenzie, such as the Dep't of Justice's component's FBI's FD 302 & FD 209's with in-serts, DEA 6's & DEA 7's, ATF Reports, Massachusetts State Police investigative reports & Boston Police's Organized Crime Investigative Unit, FBI'a & U.S. Attorney's Office's Bulger Strike Force Unit among other things, in violations of the following rules of law: Fed.R.Crim.P. Rule 16, Rule 12, Fed.R.Crim.P. 16(b)(1)(c), Fed.R.Crim.P. Rule 16(d)(1)(c); 16(a), 16(a)(1)(b); Fed.R.Evid. Rules 702, 703 & 705; Fed.R.Crim.P. Rule 12(b)(4).

[86]      For Guidance & Because of the Bulger Scandal
The U.S. Attorney General Facilitated a U.S. Attorney's Guideline Manuel assure compliance for all U.S. Attorney's & AUSA's nation-wide

See United States Dep't of Justice's U.S. Attorney's Manuel
Sections 9-5.001 & 9-5.100. See "Http//www.usdoj.gov/usao/foiareading
room/usam/title/download.htm." Fed.R.Crim.P.. 16(b), within the
meaning of: Brady v. Maryland, 373 U.S. 83 (1963); Giles v. Maryland,
386 U.S. 66 (1967); & Giglio v. USA, 405 U.S. 150 (1972); as required
under the United States District Court's Local Rules 116.1(A)(5) 1990,
& Local Rule 42(a)(5) 1986.

[87]  The Rule required initial disclosure within 14 days of
Mackenzie's arraignment on May 28th, 2013, Document: 18. Due date was
June 11th,  2017. Deadline for the 14 day mark,  11 day mark would
be on June 11, 2013. On March 13, 2014, date Mackenzie received very
partial discovery, precluding issues & documents depicted in Grounds
One, Two & Three supra, among other things. From that point forward,
the Government/Respondent's had a  "Continuing Duty" to supplement
it's original disclosure under Fed.R.Crim.P. Rule 16 letter or supple-
mental letter, if and when new material surfaced. See Local Rule 116.1
(c), and in Mackenzie, the Government/Respondent's failed to do so.

[88]    The Rule required automatic disclosure of all
evidence within the Governments/Respondent's ken, that
tended to negate a Defendant's/Mackenzie's
guilt or punishment

See Local Rule 42(a)(5)(1986). In Mackenzie, the Government/Respond-
ent's failed to do so. As specifically seen supra.

[89]    The Local Rules were amended to impose an
additional requirement on its own initiative provide the defendant
(Mackenzie with any & all exculpatory evidence that might be used to
impeach witnesses, whom it tended to call at trial or sentencing hearing

See Local Rule 116.1(a) 1990. In Mackenzie the Government/Respondents
failed to do so, as seen supra in Grounds One, Two & Three.

[90]                         Conclusion

WHEREFORE, for all of the above stated reasons, Petitioner:
Mackenzie, most respectfully requests the following relief from this
Honorable Court:

**Deem,** Mackenzie's Counsel, as clearly & concededly ineffective
assistance of counsel concerning Grounds One, Two, Three & Four supra;

**Reverse, Vacate & Remand,** this case back to the District Court
to conduct a meaningful evidentiary hearing & preclude all unlawful
enhancements that were not first presented in Mackenzie's indictment
and were not found proven beyond a reasonable doubt, that were core
"elements of a crime" & not sentencing factors & resentence Mackenzie
to 60 months imprisonment & three years of supervised release;

**Order,** the Government/Respondent's to hand over all of the above
exculpatory & impeachment material evidence over to Mackenzie, within
the meaning of Brady, Giles & Giglio, as required under Rule 16 & the
Local Rules of the United States District Court District of Massachusetts;

**Order,**  the preclusion of all USSG's enhancements that violate
the Double Counting protections  & other enhancements specifically
described in Grounds One, & Two. Signed under 28 U.S.C.§1746, under
penalties of perjury the above & the following to be true, correct &
complete. Pro-Se.

Respectfully Submitted By
Petitioner/Claimant/Affiant:

Edward J. Mackenzie Jr.,
17938-038
FCI Fort Dix
P.O. Box 2000
Joint Base MDL
Fort Dix, New Jersey
08640

May 16th, 2d0

27

## Certificate of Service

I, Petitioner: Mackenzie, hereby certify that this Motion/Memorandum of Law in Support of his Section 2255 Petition, was sent via: United States Mail/Postaged Prepaid on this _10th_ day of May, 2017, to the following:

Clerk of Courts
Clerk's Office
U.S. District Court
Suite 2300
United States Courthouse
One Courthouse Way
Boston, Massachusetts
02210

AUSA's Hafer  & Choa
U.S. Attorney's Office
Suite 9200, 9th Floor
United States Courthouse
One Courthouse Way
Boston, Massachusetts
02210

Edward J. Mackenzie, Jr.

28