UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON
PROBATION DIVISION

| | |
|---|---|
| United States of America<br>(AUSA's: Zachary R. Hafer<br>& Dustin Chao)<br>Plaintiff's,<br><br>v.<br><br>Edward J. Mackenzie, Jr.,<br>Defendant/Petitioner. | Criminal #13-cr-10149-FDS.<br>Honorable: F. Dennis Saylor,<br>USDJ.<br><br>May 29, 2017. |

**DEFENDANT/PETITIONER: MACKENZIE'S ADDENDUM TO PRESENTENCE REPORT UNDER: FED.R.CRIM.P. RULE 32(b)(6)(C) DUE TO INACCURATE INFORMATION USING USSG'S RETROACTIVE AMENDMENTS AND FOUR SUPREME COURT CASES: BEGAY (2008); CHAMBERS (2009); JOHNSON I (2010); JOHNSON II (2015) STRIKES DOWN SOPHISTICATED MEANS ECONOMIC MONEY AMOUNTS AND UNLAWFUL DOUBLE COUNTING AGAINST MACKENZIE**

Affidavit of Mackenzie, via: Fed.R.Civ.P. Rule 56(f) states as follows:

[1] Mackenzie was charged with Sophisticated Means. Mackenzie received a 2 Point Enhancement. Sophisticated means- has been removed as an enhancement. Mackenzie should receive 2 points to be precluded from his Sentencing determination. See PSR Report page 21, ¶98, in support. Also see USSG's April 2015's Amendment.

[2] Mackenzie was also charged with "Economic Money Amounts" was raised, thus bringing Mackenzie's Amount $539,599.71. Reducing 4 Point Enhancements. See 2 points (Money Table Change) & 2 Points Sophisticated Means removed. Total 4 Points precluded from Mackenzie's sentencing determination, not including the Double Counting violations. See PSR Report page 21, ¶97, in support.

[3] See Double Counting Violations specifically see dismissed charge on 11-3-1993, Larceny of Property. Commonwealth of Massachusetts v. Mackenzie, case #930465 (Boston Municiple Court "BMC"), improper 2 Offense Level Enhancements which also generated Conflict of Interest.

As Mackenzie's Counsel Mr. Griffin was the Chief Prosecutor of Suffolk County concerning his State convictions additionally tainting this enhancement. This facilitated "Clear Error".

[4] On March 6, 2015, Mackenzie was unlawfully sentenced to 144 Months in Federal Prison, due to this Federal Probation Dep't's U.S. Probation Officer's "Clear Errors."
Under Mackenzie's current circumstances, this U.S. Probation Dep't & this Court is guided to review the U.S. Probation Dep't's/Officer's PSR Report/Sentencing determination under an abuse of discretion standard. See USA v. Isom, 85 F.3d 831, 834 (1st Cir.1996). The Trial Court's & U.S. Probation Dep't/Probation Officer's subsidiary fact-finding in connection with Mackenzie's applicable and cognizable USSG's range, including Criminal History can only be set aside for clear error. See Pellerit v. USA, 878 F.2d at 1538 (1st Cir.1989).

[5] Subsequent to Mackenzie's pro-se filing, the Supreme Court rendered its intervening & clarifying change in the law, in USA v. Molina-Martinez, 136 S.Ct. 1338, 194 L.Ed.2d 444 (2016). In Molina-Martinez, Martinez's case applied an incorrect USSG's range higher than the applicable ones. Id. Mackenzie, has satisfied his burden showing PREJUDICE by pointing to the application of an incorrect, higher USSG's range and the resulting unlawful sentencing he received thereafter. And Mackenzie is not required to show more. Id.

[6] Moreover, "Clarifying" Amendment's 791 & 792, should have also been applied to Mackenzie's PSR Report. Thus, lowering Mackenzie's applicable USSG's range previously imposed by the Sentencing Court on March 6, 2015, under USSG's §1B1.10 and 28 U.S.C.§994.

2

[7] Put another way, Mackenzie became eligible for a **Sentencing Reduction** once USSG's Amendment's 791 and 792 subsequently lowered his applicable USSG's range, while Mackenzie's case was pending Direct Appeal/Review, pursuant--- to Supreme Court's Griffith v. Kentucky, 479 U.S. 314, 320-28, 93 L.Ed.2d 649 (1978); Harper v. Virginia Dep't of Taxation, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993). Thus, this specific "Sentencing Reduction" additionally applies to Mackenzie.

[8] **U.S. Probation Dep't/Probation Officer's Misinformation Violated Mackenzie's Due Process and was not harmless error and violated Mackenzie's substantial rights**

Its well established that sentences based upon material misinformation or erroneous assumption violated due process. See Townsend v. Burke, 334 U.S. 736, 740, 92 L.Ed.2d 68 S.Ct. 1252 (1948).

[9] **Additional Memorandum of Law In Support**

According to Statutory Law Fed.R.Crim.P. Rule 32(b)(6)(C), & Sellers v. BOP/Dep't of Justice, 959 F.2d 307 (D.C.Cir.1992); requires BOP/Dep't of Justice/U.S. Probation Office/Probation Officer to correct any & all inaccurate records which adversely affects Mackenzie's substantial rights as specifically seen supra and to preclude all of the above unlawful enhancements. Which are deemed "Elements of a Crime" NOT "Sentencing Factors." Which must also be found proven beyond a reasonable doubt & not by the mere preponderance of the evidence low standard of proof.

[10] Additionally, all of Mackenzie's alleged crimes were not Crimes of violence according to Four Supreme Court cases: Begay v. United States, 533 U.S. 137 (2008); Chambers v. United States, 555 U.S. 122 (2009); Johnson v. USA, 559 U.S. 133, 140 (2010) ("Johnson I"); Johnson v. USA, 135 S.Ct. 2551 (2015) ("Johnson II).

3

See also Mathis v. USA, 136 S.Ct. 2243, 2249 (2016), in support.

## Conclusion

WHEREFORE, for all of the above specifically stated reasons supported with case law authorities, statutory laws, constitutional rules of law & amended USSG's Defendant/Petitioner: Mackenzie most respectfully requests the following relief from this Honorable Court/U.S. Probation Office/U.S. Probation Officer:

DEEM, Mackenzie's instant Motion/Affidavit in support of his Fed.R.Crim.P. Rule 32(b)(6)(C), Petition as meritorious;

ORDER, corrective action by the U.S. Probation Dep't/Probation Officer by precluding 8 Offense Level Points from Mackenzie's PSR Report & Request a Amended PSR Report & New Judgment & Commitment be facilitated reflecting the correction & thus **Sentence Reduction** accordingly;

The above requests is to further the administration of justice.

Signed under 28 U.S.C. §1746, under the penalties of perjury the above & the following to be true, correct & complete. Pro-Se.

Respectfully Submitted By
Defendant/Petitioner/Claimant/Affiant:
*[signature]*
Edward J. Mackenzie, Jr.,
17938-038
FCI Fort Dix
P.O. Box 2000
Joint Base MDL
Fort Dix, New Jersey
08640

## Certificate of Service

I, Defendant/Petitioner: Mackenzie, hereby certify that this Motion was sent via: U.S. Mail/Postaged Prepaid on this **29th, day of May 2017**, to the following:

Clerk of Courts
One Courthouse Way
Boston, Massachusetts
02210

U.S. Probation Office/Officer
AUSA's: Hafer & Choa
U.S. Attorney's Office
Suite 9200, 9th Floor
One Courthouse Way
Boston, Massachusetts
02210

*[signature]*
Edward J. Mackenzie, Jr.,

4