# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD J. MACKENZIE, JR.,  )<br>  )<br>Petitioner,  )<br>  )<br>v.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>Respondent.  )<br>  ) | **Criminal Action No.**<br>**13-10149-FDS** |

# MEMORANDUM AND ORDER ON
# <u>CERTIFICATE OF APPEALABILITY</u>

**SAYLOR, J.**

On October 21, 2013, petitioner pleaded guilty to thirteen counts of a fourteen-count indictment. On March 6, 2015, he was sentenced to 144 months' incarceration. He filed an appeal on March 12, 2015. The First Circuit upheld his sentence on October 4, 2016. He filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on May 15, 2017. The Court denied that motion on November 16, 2017. On December 4, 2017, he filed a notice of appeal. However, an applicant cannot appeal the denial of a habeas petition unless a circuit justice or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b)(1). Accordingly, the Court will construe the notice of appeal as a motion for a certificate of appealability. For the reasons stated below, the motion will be granted in part and denied in part.

A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is satisfied by "demonstrating that

jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  That standard must be independently satisfied as to "each and every issue raised by a habeas petitioner." *See Bui v. DiPaolo*, 170 F.3d 232, 236 (1st Cir. 1999).

Petitioner alleges ineffective assistance of counsel in violation of the Sixth Amendment on four grounds, based on trial counsel's alleged (1) failure to fully investigate and object to the government's use of certain intercepted jail communications (Ground One); (2) failure to object to "double-counting" sentence enhancements (Ground Two); (3) failure to object to enhancements for charges not present in the indictment (Ground Three); and (4) failure to hold the government to its discovery obligations (Ground Four).  Embedded in those claims are further claims for alleged due-process violations, stemming from allegedly misapplied sentencing guidelines, an alleged conflict of interest involving his defense counsel, an insufficient indictment that failed to identify a financial institution victimized by him, and the Court's reliance on a vulnerable victim as a factor in sentencing.

Petitioner's claims are often confusing and not fully developed, and contain various sub-claims of differing degrees of merit.  Nonetheless, only one of the four stated grounds is clearly without sufficient basis to qualify for a certificate of appealability:  Ground Four, which alleges (in only the most general terms) that counsel failed to hold the government to its discovery obligations.  As to the remainder of his claims, reasonable jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further.

Accordingly, a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) is

GRANTED as to Grounds One, Two, and Three, and DENIED as to Ground Four.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: January 8, 2018