FILED IN CLERKS OFFICE 2018 NOV 21 PM 1:27 U.S. DISTRICT COURT DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON

USCA'S #17-2191 (1st Cir.2018)

11-15-2018.

USDC #13-cr-10149-FDS. (D.Mass/Boston)
USDC Civil #17-cv-10866-FDS. (D.Mass/Boston)

Honorable: Saylor, USDJ.

PETITIONER/APPELLANT: MACKENZIE'S FIRST TIME REPLY IN OPPOSITION TO GOVERNMENT'S/APPELLEE(S) RESPONSE TO MACKENZIE'S §2255 MOTION TO VACATE WHICH THE GOVERNMENT NEVER SERVED MACKENZIE UNTIL NOW ON 11-7-2018 ONLY AFTER THE APPEALS COURT ORDER THEM TO DO SO WHICH MACKENZIE IS REPLYING ON 11-15-2018

**For The Record**

[1] On October 18th, 2018, this Honorable Court's Three Judge Panel Ordered the Appellee(s)/Government to serve MacKenzie its Response in Opposition to MacKenzie's §2255, **Document: 143,** via: MacKenzie v. USA, civil #17-cv-10866-FDS. (D.Mass/Boston). See also USA v. MacKenzie, criminal #13-cr-10149-FDS. (D.Mass/Boston).

[2] On or about October 18th, 2018, the Government/Appellee(s) AUSA'S Hafer & Chao, did in-fact send MacKenzie its Response in a manila envelope intentionally leaving MacKenzie's name & Federal Id number **off** the Mailing Label, which was designed to prevent once again MacKenzie a reasonable timely opportunity to Reply & Mackenzie a right to exercise his 1st Amendment's Right to Due Process & Access to the Court's showing a pattern of AUSA'S Hafer & Chao's egregious misconduct & its appearance of contempt of Court's Per Curiam Order. Which resulted in Mackenzie receiving the Appellee(s) Response close to a month late after this Court's Order. See **Exhibit: 1,** enclosed herein in support.

Supporting a pattern of quintessence governmental misconduct not only at the District Court level but now at the Appeals Court level by the Appellee(s), as seen supra.

[3] **MacKenzie has shown:**

Both 1. **"Cause"** for having procedurally defaulted his claim; and 2. **"Actual Prejudice"** resulting from the proven errors. See Bucci v. United States, 662 F.3d 18, 27, 29 (1st Cir.2011)(Citing United

States v. Frady, 456 U.S. 152, 167-68 (1982)). Held as follows:

**"Mackenzie has proven Ineffective Assistance of Counsel which can constitute CAUSE sufficient to excuse Mackenzie's procedural default"**

Mackenzie has also proven that his Counsel's representation was "constitutionally ineffective under the standard established in Strickland." Bucci, 662 F.3d at 29 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Under Strickland, Mackenzie has clearly & concededly shown that his Counsel: Mr. Griffen 1. **deficient performance**; and 2. **prejudice** resulting from the deficient performance. See Mackenzie's Grounds: One, Two, Three, Four & Five, via: Mackenzie v. USA, civil #17-cv-10866-FDS. (D.Mass/Boston) & USA v. Mackenzie, criminal #13-cr-10149-FDS. (D.Mass/Boston) 466 U.S. at 687.

[4] **Mackenzie has also proven that his counsel's deficient performance "fell below an objective standard of reasonableness Id. at 688**

As the First Circuit has held that a lawyer's (MacKenzie's Counsel) Mr. Griffen performance is deficient under Strickland given the facts known to him at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it. See Mackenzie's Ground One, Two, Three, Four & Five, in support. Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir.2010)(quoting Knight v. Spencer, 447 F.3d 6, 15 (1st Cir.2006)).

[5] **Mackenzie has satified Strickland's PREJUDICE PRONG**

Mackenzie has demonstrated "a reasonable probability that, BUT FOR his Counsel's unprofessional errors, the result of the proceeding would have been different. See Grounds One, Two, Three, Four & Five.

A reasonable probability is a probability sufficient to undermine confidence in the outcome of Mackenzie's case. Strickland, 466 U.S. at 694.

In assessing **prejudice**, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." Richter, 562 U.S. at 111. "Instead, Strickland asks--whether it is "reasonably likely" the result would have been different..the likelihood of a different result was in Mackenzie substantial, not just conceivable." See Grounds One, Two, Three, Four & Five. Id. at 111-12.

[6] **Additionally MacKenzie has also shown "Actual Prejudice" resulting from the alleged error**

And has demonstrated "that there is a reasonable probability that the result of the trial or sentencing proceeding would have been different" absent the error, much more favorable to Mackenzie. Strickler v. Greene, 527 U.S. 263, 289 (1999)(quotation marks--omitted). The First Circuit has held that, if a defendant (MacKenzie) "can meet the **prejudice standard** needed to establish ineffective assistance of counsel under Strickland, then the **prejudice standard** under- the **'Cause & Prejudice'** showing to excuse a procedural default is also met." Lynch v. Ficco, 438 F.3d 35, 49 (1st Cir.2006)(citing Prou v. United States, 199 F.3d 37, 49 (1st Cir.1999)). Mackenzie has proven his burden and that he is entitled to relief under 28 U.S.C.§2255. David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).

[7] **MacKenzie has clearly & concededly met the deferential standard required under Strickland**

And has established with respect to each claim depicted in Grounds One, Two, Three, Four & the ignored supplemental Ground Five, that the result of the MacKenzie proceeding would have been different BUT FOR his Counsel's unprofessional errors clearly depicted in Grounds 1-5. Strickland, 466 U.S. at 694. As set--forth within this

Motion in Reply in Opposition to the Government's/Appellee(s) Opposition to Mackenzie's §2255 Petition. Hence, MacKenzie has met the Strickland standard as seen supra.

**[8] Ground One The Government's Lack of Jurisdiction Over a Private Facility unlawful telephonic intercepted communications of Mackenzie, without a valid court warrant**

The Supreme Court has already spoken of this matter as seen in: Minneci v. Pollard, 132 S.Ct. 617, 623, 181 L.Ed. 606 (2012); Allied Chem. & Akali Work.of Amer.,404 U.S. 157, 167, (1971); F.N.1. and held that neither the Federal or State Government's can allow "Private Facilities" to have the very same Federal or State Powers since "Private Facilities such as the Wyatt Detention Facility or employees cannot be sued under--Bivens v. Six Unknown Narcotic Agents, 403 U.S. 388 (1971), because the private facility itself & their employee(s) are not Federal or State Officials. Its like MacDonald's fast food restaurant tapping its telephones of its customers without a valid court warrant & using the customer's conversations against them as seen in Mackenzie. Since "Private Corporations" cannot be sued under Bivens because they- are not valid Federal Employees they cannot also benefit as a Federal Employee concerning any wiretappings against anyone. In-fact the Wyatt Detention Facility committed a Federal Crime in doing so, in violations of various Federal & State--Statutes. See also: MacKenzie's Ineffective Assistance of Counsel claims.

**[9] Ground One Ineffective Assistance of Counsel**

In violations of the Sixth Amendment, as MacKenzie's Counsel's failure to fully investigate MacKenzie's case & object to the government's use of certain intercepted "Private-Jail/Wyatt Detention Facility's" as seen supra.

F.N.1. Arrendondo-Virula v. Adler, #10-17654, 510 F.App'x 581, 2013 WL 680941 (9th Cir.Feb.26,2013) "Private Company not authorized under Federal or State laws & lack Federal & State Jurisdiction & Power."

[10] **Ground Two**
**Ineffective Assistance of Counsel**

Mackenzie's counsel's failure to object to enhancements for charges not presented in MacKenzie's indictment and not found proven beyond a reasonable doubt by a Jury, Judge, U.S. Probation Office, are core elements of a crime & are NOT sentencing factors, failure to do so also violates the Fifth & Sixth Amendment's Indictment & Notice Clauses of the United States Constitution & Due Process. See Government's **Double Counting and Point Manipulation.**

[11] The Government's position is that MacKenzie's Counsel did in-fact object to the point enhancements "multiple enhancements all encompass the same behavior by Mr. MacKenzie," and thus constituted "piling on." See 3-6-2015 Tr. at 5. Even if this assertion is true it still doesn't relieve the Government of its Due Process Violations 5th & 6th Amendment's Right under the Indictment & Notice Clauses and MacKenzie's attorney for NOT further developing this specific issue and appealing it under the "Interlocutory Appeal" Doctrine.

And additionally the above does not relieve his (MacKenzie's) Counsel obligation to provide MacKenzie effective assistance of counsel at every stage of the MacKenzie proceedings.

[12] **MacKenzie has shown:**

1. his counsel's deficient performance; and
2. **prejudice** resulting from the deficient performance.

466 U.S. at 687. The highly deferential Strickland standard thus requires a defendant (MacKenzie) to demonstrate that his counsel made such **egregious**--errors, no competent attorney would have made a similar chioce. Id. at 694. Win or Lose, Counsel is obligated to provide effective assistance of counsel at every stage--of the proceedings.

[13]

**Ground Three**
**Ineffective Assistance of Counsel**
**MacKenzie's Counsel's Failure to Object to Charges Not Presented in MacKenzie's Indictment**

And Not found proven beyond a reasonable doubt by a Jury, Judge, Government & or U.S. Probation Office, violates the Fifth & Sixth Amendment's Indictment & Notice Clauses & Due Process. Which resulted in unlawful enhancements considerations for crimes that are NOT Sentencing Factors but Core Elements of a Crime. Def.'s Mtn at 19-25. Thus, MacKenzie's Counsel's failure to object & develop issues presented in Ground Three constituted core ineffective assistance of counsel.

[14]

**Ground Four**
**Ineffective Assistance of Counsel**
**Discovery Violations**

MacKenzie's Counsel was ineffective assistance for failing to hold the Government to its automatic obligation to hand over all core exculpatory & impeachment material evidence over to MacKenzie within 14 days of MacKenzie's arraignment within the meaning of Brady, Giles, abnd Giglio, as required under the Local Rules of the United States District Court District of Massachusetts. See **LCvR 116.1(A)(5) 1990** & **LCvR 42(a)(5) 1986**, within the meaning of Brady v. Maryland, 373 U.S. 83 (1963); Giles v. Maryland, 386 U.S. 66 (1967), and Giglio v. United States, 405 U.S. 150 (1972).

[15] **The Local Rules of Criminal Procedure**

Were amended to impose an additional requirement on its own initiative provide the Defendant/Petitioner/Appellant: MacKenzie with any and all exculpatory & impeachment evidence that might be used to impeach witnesses, whom it tended to call at trial or sentencing. In MacKenzie the Government/Appellee(s) failed to do so. See **LCvR 116.1(a) 1990.**

See Grounds One, Two, Three, Four & Five. This also applies to both the District Court's & Government's historic & current pattern of ignoring the District Court's granting MacKenzie's Supplemental Ground Five Governmental egregious misconduct/Failing to Perform a Court Ordered Taint Team to determine whether the seized material was in-fact Attorney-Client Communications & whether that material that was deemed or appeared to be Attorney-Client Privledged Communications was presented in front-of MacKenzie's Federal Grand Jury which indicted MacKenzie and or a portion of the material presented in front of MacKenzie's Federal Grand Jury. This issue is also discoverable and should have been presented in the Government's Supplemental Fed.R.Crim.P. Rule 16 Letter and was not. Moreover, both the District Court & Government appears to be ignoring the District Court's Granted MacKenzie's Fed.R.Civ.P. Rule 15 Supplement of Ground Five. See Ground Four, Def.'s Mtn. at 2, 25-28.

[16] **MacKenzie did in-fact repeatedly show specifically what discovery was withheld from him See Grounds 1-5**

Government states that MacKenzie had not shown or identified what supposed "exculpatory" evidence was withheld from him. However, in the same breath with incredible speed the Government states:

"And, in fact, no such evidence was withheld."

How can the Government state that when the Government stated that MacKenzie had not stated what evidence was withheld. The Government cannot assume what MacKenzie maybe thinking, as they cannot logically make any determination if they conceded that no specific evidence was pointed to to state it was not withheld, logically speaking.

In any event MacKenzie did in-fact state what was withheld in Grounds 1-5.

[17] **Government at-least--conceded that**

While it is true, a Pro-Se Petitioner (MacKenzie's) claim must be "liberally construed....and a pro-se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**[18] MacKenzie's claims are not conclusory, not vague, and is supported claims of his Counsel's deficient performance The Court may NOT dismiss the petition without a further hearing**

See United States v. Arias, 94 F.Supp.3d 93, 103 (D.Mass.2015).

**[19] See First Circuit & District Court's Prevailing Case Law Authorities concerning the Local Rules of the United States District Court District of Massachusetts**

See First Circuit Court of Appeals utilization of the above specific Local Rules in USA v. Richmond, 153 F.R.D. 7 (D.Mass.1994); also see Ferrara v. USA, U.S. Court of Appeals For The First Circuit, 459 F.3d 278, 2006 U.S. App. LEXIS 20536 No. 05-1736, No. 05-1830, No. 05-1874, August 10, 2006, Decided. States on page 4, of Ferrara, describing **LCvR. 42(a)(5) 1986 & 116.1(a)(5) 1990**, for referrence.

**[20] The Government/Respondents/Appellee(s) completely ignored Mackenzie's Court Approved Supplement Document: 144 Dated 6-15-2017 via: Mackenzie v. USA, civil #17-cv-10866-FDS. And USA v. MacKenzie, criminal #13-cr-10149-FDS. (D.Mass/Boston)**

Which the District Court **Granted** & allowed MacKenzie to Supplement his §2255 On 7-11-2017 date, **Document:** 144, in support.

**[21] The Government/Respondent's/Appellee(s) Represented to the Defense/MacKenzie/District Court Judge on Public Court Records That They either conducted a taint team & or was in the process of conducting one concerning the seizure of MacKenzie's Client Attorney Communications in a Civil Matter which MacKenzie is a Civil Party of**

It is MacKenzie's position that the Government/Appellee(s) had **not conducted a taint team & used MacKenzie's Client Attorney Communications to indict MacKenzie in front of a Federal Grand Jury which indicted MacKenzie.**

[22] According to Public Court Records:
See Document: 86, filed 8-19-2014 Pages 1,2,3,4, & 8
Via: USA v. MacKenzie, Criminal #13-cr-10149-FDS. (D. Mass/Boston)
MacKenzie's Motion to Dismiss..... Friday, August 1st, 2014

States in relevant part that:

THE COURT: Good morning. All right. This is a hearing on defendant's (MacKenzie's) Motion To Dismiss.

Mr. Griffin, it's your motion.

Mr. Griffin: Your Honor, the focus of the defendant's motion is pointedly the fact that in May of 2013, the government executed search warrants at the defendant's home and his place of employment. Seized during the execution of those search warrants were various computer hard drives, images on hard drives and certain written documents.

The government was promptly notified by attorneys for the church (Whom represents MacKenzie in a civil action) and attorneys by and for MacKenzie-------that the documents seized contained ATTORNEY-CLIENT PRIVILEGE, that they were likely the result of communications that were had between the church, the attorneys, Mr. MacKenzie and the attorneys relative to---civil lawsuits that involved much of the same conduct that the indictments in the instant case before the Court involve.

The attorneys requested the return of those documents and those hard drives. The government volunteered that they would institute a taint team to review those materials.

See Exhibit: 3, page 3, of Document:86, in support herein.

[23] See Exhibit: 4, page 4, Document: 86 states
In ¶'s 16-22:

"Attorney-client privileged materials are in the possession of the government and that they have not been reviewed by a taint team."

THE COURT: Didn't your motions go quite a bit further and say that the government had actually reviewed the privileged information and had used it against Mr. MacKenzie?

[24] Petitioner: MacKenzie's Motion to Compel
Discovery showing when the Taint Team was implemented?
Discovery of Showing If all or some of the seized material was ever used in front of a Federal Grand Jury that indicted MacKenzie?
Under 28 U.S.C.§2255 Rule 6

[25] **MacKenzie's Proposed Interrogatories Under Fed.R.Civ.P. Rule 33**

Question #1:

Did the Government/Respondent's/Appellee(s) implements a taint team and if yes when?

Question #2:

Was any of the Seized Documents from MacKenzie on May of 2013, ever presented in front of a Federal Grand Jury which indicted MacKenzie?

[26] **MacKenzie's Proposed Admissions under Fed.R.Civ.P. Rule 36**

Question #1:

Did the Government conduct a Taint team concerning its--May 2013 Seizure of documents & computer hard drives from Mackenzie?
**Admit or Deny?**

Question #2:

Was the Seized material from MacKenzie on May 2013, documents, hard drives ever used in front-of the Federal Grand Jury that indicted MacKenzie?
**Admit or Deny?**

[27] The above Interrogatories & Admissions must be answered by the Government within 30 days of receiving this Motion under penalties of perjury.

**Conclusion**

WHEREFORE, for all of the above specifically stated reasons MacKenzie most respectfully requests the following relief from this Honorable Court:

**Deem**, that the Government committed egregious misconduct for failing to serve MacKenzie it Response to MacKenzie's §2255 Petition timely;

**Deem**, Mackenzie's counsel as ineffective assistance;

**Order**, the Government to answer MacKenzie's Interrogatories & Admissions within 30 days of this Honorable Court's Order;

**Order**, that the Government answer MacKenzie's **Document: 144:**

**Reverse, Vacate & Remand**, this case back to the District Court with specific directions & instructions to conduct a meaningful evidentiary hearing to determine whether the Taint Team was conducted & if yes when? And to determine whether any of the May 2013 seized material was ever used in front of MacKenzie's federal grand jury which indicted him;

**Order**, if it is determined that the seized Attorney-Client Communications May 2013 material was used in front of a Federal Grand Jury then **Order**, that this case be dismissed with prejudice & MacKenzie's immediate unconditional release from custody forthwith.

Signed under 28 U.S.C.§1746, under penalties of perjury the above & the following to be true, correct & complete. Pro-Se.

Respectfully Submitted By
Petitioner/Appellant/Affiant:
[signature]
Edward MacKenzie
17938-038
FCI Fort Dix
P.O. Box 2000
Joint Base MDL
Fort Dix, New Jersey
08640

11-15-2018

**Certificate of Service**

I, Petitioner/Appellant: MacKenzie, hereby certify that this Reply Motion in Opposition to the Government's Response to MacKenzie's §2255 Petition was sent via: United States Mail/Postaged Prepaid on this 15 th, day of November, 2018, to the following:

Clerk of Courts
Clerk's Office
U.S. Court of Appeals
For The First Circuit
United States Courthouse
Suite 2500
One Courthouse Way
Boston, Massachusetts
02210

Clerk of Courts
U.S. District Court
Suite 2300
United States Courthouse
One Courthouse Way
Boston, Massachusetts
02210

AUSA'S: Hafer &
Chao, USAO
Suite 9200, 9th Fl.
United States Court-
House 1 Courthouse
Way Boston, Mass
02210

[signature]
Edward MacKenzie

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | Criminal Action |
| v. | ) | No. 13-cr-10149 |
| EDWARD J. MACKENZIE, JR. | ) | |
| Defendant. | ) | |

BEFORE THE HONORABLE F. DENNIS SAYLOR, IV, DISTRICT JUDGE

MOTION HEARING

Friday, August 1, 2014
10:01 a.m.

John J. Moakley United States Courthouse
Courtroom No. 2
One Courthouse Way
Boston, Massachusetts 02210

Kelly Mortellite, RPR, CRR
Official Court Reporter
John J. Moakley United States Courthouse
One Courthouse Way, Room 5200
Boston, Massachusetts 02210
mortellite@gmail.com

Mechanical Steno - Computer-Aided Transcript

Exhibit: 1

APPEARANCES:

On Behalf of the Government:
UNITED STATES ATTORNEY'S OFFICE
By: Zachary R. Hafer, Esq.
Dustin Chao, Esq.
One Courthouse Way
Boston, Massachusetts 02210
617.748.3106
zachary.hafer@usdoj.gov

On Behalf of the Defendant:
DHAR LAW LLP
By: Robert M. Griffin, Esq.
1600 Providence Highway
Walpole, Massachusetts 02110
508.922.9794
rgriffin@dharlawllp.com

Exhibit: 2

3

P R O C E E D I N G S

MR. HAFER: Good morning, Your Honor. Zach Hafer and Dustin Chao.

THE COURT: Good morning.

MR. GRIFFIN: Good Morning, Your Honor. Bob Griffin on behalf of the defendant.

THE COURT: Good morning. All right. This is a hearing on defendant's motion to dismiss.

Mr. Griffin, it's your motion.

10:01 MR. GRIFFIN: Your Honor, the focus of the defendant's motion is pointedly the fact that in May of 2013, the government executed search warrants at the defendant's home and his place of employment. Seized during the execution of those search warrants were various computer hard drives, images on hard drives and certain written documents. The government was promptly notified by attorneys for the church and attorneys by and for Mr. MacKenzie that the documents seized contained attorney-client privilege, that they were likely the result of communications that were had between the church, the attorneys, 10:02 Mr. MacKenzie and the attorneys relative to civil lawsuits that involved much of the same conduct that the indictments in the instant case before the Court involve.

The attorneys requested the return of those documents and those hard drives. The government volunteered that they would institute a taint team to review those materials. As far

Exhibit:3

as I can determine at this point in time, the only taint team that had been put in place was a taint team that looked at the actual hard copy documents. I don't believe any taint team has been instituted that has reviewed any of the computer-generated communications between Mr. MacKenzie and his attorneys or the church and its attorneys. The fundamental violation that the defendant is asserting is based on the First Circuit case of Mastriani. And in that case, Your Honor, the Court held that the violation is the possession of the materials.

10:03 The government has asserted a number of allegations in its response. It has asserted that it has complied with all discovery and actually gone over and above their duties in providing discovery. That's not at issue, Your Honor. I'm not disputing that the government has provided discovery. The government has been quite forthcoming with the discovery. The violation that the defendant is alleging is that the attorney-client privileged materials are in the possession of the government and that they have not been reviewed by a taint team.

10:04 THE COURT: Didn't your motions go quite a bit further and say that the government had actually reviewed the privileged information and had used it against Mr. MacKenzie?

MR. GRIFFIN: Reviewed the documented evidence, documentary evidence, not the computer-generated communications, Your Honor. I believe it's a logical inference

Not True

Ineffecti

Not True

Ineffective

Exhibit: 4

included some sort of fireproof room and then Mr. MacKenzie's residence in Weymouth. As that evidence is being gathered and processed as reflected in Exhibit A, it was never reviewed. It had no part in the allegations in the indictment, and it's been sitting as we determine what to do with the evidence.

The investigation of this case to this day continues. We have said from the beginning to Todd & Weld that we would implement a taint team to review that evidence. As reflected in our pleading, what we have done is taken the documentary, the physical, the paper evidence, the non-digital or electronic evidence, and we have implemented a taint team. And that review, as we indicate in our papers, is mostly complete. To my understanding there's a little bit more paper that they need to review.

10:10

when?

One of the things, Your Honor, quite frankly, that has complicated the review, is the relationship that Mr. MacKenzie's had with the church over the years. We had to get PRO, professional responsibility office, involved in implementing a protocol for the taint team because you have the church as a corporate entity, which may have privilege, and issues of corporate privilege are complex, separate and apart from any privilege Mr. MacKenzie may have had. So devising a protocol to have the taint team review the paper material took some time. And obviously, as we note in our paperwork, our investigation in this matter continues.

10:10

Exhibit: 5