UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Crim. No. 13-10149-FDS |
| v. | |
| EDWARD J. MACKENZIE, JR. | |
| Defendant | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY HIS SENTENCE

The government opposes defendant Edward J. MacKenzie, Jr.'s *pro se* "Motion Via: 18 U.S.C. § 3582(c)(2) Modification of his Sentence to Preclude 2 Points Enhancement for Sophisticated Means, 4 Points Double Counting." Def.'s Mtn., ECF No. 161. Because MacKenzie has not identified a retroactive amendment that would apply to his sentence, the Court must deny his motion.

## I.     BACKGROUND

MacKenzie, a life-long con man and violent felon, devised a complex scheme to infiltrate then hijack a wealthy Boston church, the Boston Society of New Jerusalem. He gained voting control of the church then siphoned money from the church and extracted kickbacks from vendors. MacKenzie pleaded guilty to RICO conspiracy, racketeering, mail fraud, money laundering, and wire fraud. Rule 11 Hr'g, ECF No. 95. Although MacKenzie's guideline sentencing range was 97-121 months, the Court sentenced MacKenzie to 144 months of incarceration, 36 months of supervised release, and restitution totaling $754,569.74. Sentencing Tr., ECF No. 131. The Court explained the upward departure:

> I'm struggling here under the circumstances to find a mitigating or redeeming qualities in Mr. MacKenzie. He's, I think, obviously intelligent, although he has not used his intelligence for productive purposes. … I think the bottom line here is he's an adult man, he's not a child, he's not a teenager, he's not a headstrong young man. He hasn't committed a crime of passion or a momentary lapse in judgment. He has engaged in a multi-year, decade-long episode of criminal activity that was complex and sophisticated and driven as near as I can tell entirely by greed.

*Id.* at 21.

The First Circuit affirmed MacKenzie's sentence on October 4, 2016, finding "MacKenzie's incorrigibility is impossible to ignore, and the district court reasonably viewed a long prison term as a grim necessity to protect the public." First Cir. J., No. 15-1339 at 1, ECF No. 137.

MacKenzie petitioned for a writ of habeas corpus under 28 U.S.C. § 2255, arguing, among other grounds, that Sentencing Amendments 791 and 792 should be applied retroactively to lower the guideline range for his fraud charges. ECF No. 141. The Court denied MacKenzie's habeas petition on May 15, 2017. ECF No. 148 at 21.

## II.   GOVERNING LEGAL PRINCIPLES

A federal court by and large "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But under limited circumstances, a district court may reduce the defendant's sentence: (1) if the Sentencing Commission subsequently reduces the applicable sentencing guidelines range; and (2) after considering factors under 18 U.S.C. § 3553(a) and any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Thus, there are two steps under 18 U.S.C. § 3582(c)(2). First, the court considers "whether it has the legal authority to grant the reduction requested." *United States v. Zayas-Ortiz*, 808 F.3d 520, 523 (1st Cir. 2015) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). A reduction is available if the Sentencing Commission made the amendment

retroactive.  *Dillon*, 560 U.S. at 826 ("A court's power under § 3582(c)(2) depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *See* U.S.S.G. § 1B1.10.  Second—for retroactive amendments—the court considers factors under 18 U.S.C. § 3553(a), including the nature of the offense and the history and characteristics of the defendant.  *Dillon*, 560 U.S. at 826.  Proceedings under 18 U.S.C. § 3582(c)(2), however, do not constitute a full resentencing of the defendant.  *United States v. Rodriguez-Rosado*, 909 F.3d 472, 479 (1st Cir. 2018).

## III.   BECAUSE THE AMENDMENTS ON WHICH DEFENDANT RELIES DO NOT APPLY RETROACTIVELY, THERE IS NO LEGAL AUTHORITY TO REDUCE HIS SENTENCE

MacKenzie argues that his sentence should be modified on three grounds: (1) Amendments 791[1] and 792[2] should be applied retroactively to reduce the guideline (Def. Mtn. at 1- 3); (2) the enhancements for misrepresentation of a charitable organization and abuse of position of trust should not have been applied simultaneously (Def. Mtn. at 4-5); and (3) the double-counting of a previously dismissed larceny charge and alleged conflict of interest created "clear error." (Def. Mtn. at 2).  None of these arguments is based on a retroactive amendment that would apply to MacKenzie's sentence.  Thus the Court lacks legal authority to reduce his sentence under 18 U.S.C. § 3582(c)(2).

MacKenzie's first argument, challenging his sentence under Amendments 791 and 792, has been considered and rejected by the First Circuit and this Court.  In his appeal, MacKenzie argued that "Amendments to the sentencing guideline for white collar fraud crimes"

---

[1] Amendment 791 lowered the enhancement applicable for MacKenzie's loss amount of $539,599.74 from + 14 to +12 points.

[2] Amendment 792 revised the sophisticated means enhancement to add the requirement that "the defendant intentionally engaged in or caused the conduct constituting sophisticated means."

subsequently lowered his guideline range.  Def.'s Amendment to Appeal Supplemental Brief at 8, *United State v. MacKenzie*, No. 15-1339 (1st Cir. Mar. 30, 2016).  The First Circuit rejected this argument, noting that "we can identify no right to retroactivity or reconsideration under Amendments 791 and 792 to the guidelines or elsewhere."  First Cir. J., No. 15-1339 at 2, ECF No. 137.  MacKenzie raised the argument again in his habeas petition, claiming that Amendments 791 and 792 "lowered MacKenzie's applicable guideline range."  Def.'s 28 U.S.C. § 2255 Petition at 16-17, ECF No. 141-1.  The Court also rejected the argument: because the amendments were not retroactive, MacKenzie was "not entitled to a review of his sentence under § 3582."  ECF No. 148 at 20-21.

Other courts unanimously agree.  *Fox v. United States*, 2017 WL 2543889, at *2 (D. Me. June 12, 2017) ("Amendment 791 is not retroactive … Petitioner, therefore, is not entitled to relief under section 3582(c)(2)."); *United States v. Swan*, 2016 WL 471296 (D. Me. Feb. 8, 2016); *United States v. Brown*, No. 17-1295 (3d Cir. Aug. 8, 2017) (holding that Amendments 791 and 792 are not retroactive and affirming denial of the defendant's § 3582 motion); *United States v. Barrie*, No. CR PWG-14-6, 2017 WL 6048223, at *1 (D. Md. Dec. 5, 2017) (denying § 3582 motion because Amendments 791 and 792 are not retroactive); *United States v. Akhter*, 303 F. Supp. 3d 468, 470 (E.D. Va. 2017) (same).

MacKenzie's second and third arguments fall outside the narrow scope of 18 U.S.C. § 3582(c)(2).  To be entitled to a retroactive sentence reduction, a defendant must demonstrate that he "has been sentenced to a term of imprisonment based on a sentencing range that ***has subsequently been lowered by the Sentencing Commission***."  18 U.S.C. § 3582(c)(2) (emphasis added).  MacKenzie's double-counting allegations are not based on an amendment by the Sentencing Commission.

Even if the court were to consider MacKenzie's arguments under 18 U.S.C. § 3582(1)(B) and Fed. R. Crim. P. 35, MacKenzie's arguments also fail on the merits.  For MacKenzie's second argument, the enhancement for misrepresentation of a charity (§ 2B1.1(b)(8)(A)) and enhancement for abuse of position of trust enhancement (§ 3B1.3) may be applied simultaneously if different conduct formed the basis of each enhancement.  U.S.S.G. § 2B1.1(b)(8)(C), cmt. 8(E)(i).  *See United States v. Sanders*, N. 10-10102 (9th Cir. Apr. 13, 2011).  MacKenzie's crimes were varied and long-running.  At times MacKenzie claimed to be acting on behalf of the church, for example, by making worthless investments and cashing checks payable to the church.  In other schemes, MacKenzie acted in his own interest, for example, by pressing vendors to give him a 20% kickback on contracts with the church. MacKenzie's third argument is taken, almost verbatim, from his habeas petition.  Def.'s 28 U.S.C. § 2255 Petition at 11, ECF No. 141-1.  The Court has already considered these arguments at length and rejected them.  ECF No. 148 at 12-15.

## IV.     CONCLUSION

MacKenzie's motion under § 3582 fails because he cannot identify a retroactive amendment that would have reduced his sentence.  The government respectfully requests that this Court summarily deny MacKenzie's motion.


                              Respectfully submitted,

                              ANDREW E. LELLING
                              United States Attorney


                    By:      */s/ Elysa Wan*
                              ZACHARY R. HAFER
                              DUSTIN CHAO
                              ELYSA Q. WAN
                              Assistant United States Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Elysa Wan*
Elysa Wan
Assistant United States Attorney

Date: February 4, 2019