UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil Action No. |
| v. | ) | 13-10149-FDS |
| | ) | |
| EDWARD J. MACKENZIE, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO MODIFY SENTENCE

**SAYLOR, J.**

In October 2014, defendant Edward J. Mackenzie, Jr. pleaded guilty to charges of RICO

conspiracy, racketeering, mail fraud, money laundering, and wire fraud.  He was sentenced to a

144-month term of incarceration followed by a three-year term of supervised release and

restitution totaling $754,569.74.  He now seeks a modification of his sentence pursuant to 18

U.S.C. § 3582(c)(2).  For the reasons stated below, the motion will be denied.

**I.      Background**

The relevant facts are described in the presentence investigation report, the Court's

memorandum and order on Mackenzie's petition for a writ of habeas corpus, and as stated on the

record at the March 6, 2015 sentencing hearing.  Those facts are repeated here only as necessary

to explain this decision.

Between 2002 and 2003, Mackenzie conspired to and gained voting control of the Boston

Society of the New Jerusalem, a charitable, religious, non-profit corporation in Massachusetts.

He then abused his power in a series of improper transactions that cost the church, at minimum,

hundreds of thousands of dollars.  On October 21, 2014, he pleaded guilty to one count of

racketeering conspiracy in violation of 18 U.S.C. § 1962(d), one count of racketeering in

violation of 18 U.S.C. § 1962(c), two counts of mail fraud conspiracy in violation of 18 U.S.C. §

1349, one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h) and 18

U.S.C. § 1956(a)(1)(B)(i), and eight counts of wire fraud in violation of 18 U.S.C. § 1343.

On March 6, 2015, the Court imposed a 144-month term of imprisonment followed by a

three-year term of supervised release, and restitution totaling $754,569.74.  The sentencing

guideline range was 97 to 121 months, and therefore the sentence constituted an upward

departure from the guideline range.  The Court justified the departure by virtue of Mackenzie's

criminal history and the nature of the offense.  Specifically, the Court observed:

> Defendant is a career criminal with a lengthy history of fraud and violence.  His
> criminal history category does not begin to capture the true nature of his criminal
> history.  His criminal conduct in this case was elaborate and calculating and took
> place over many years.  The victim was a church, and indirectly victimized the
> elderly members of the church.  He continued to engage (or attempt to engage) in
> criminal and/or manipulative and inappropriate conduct after his detention in this
> case, including involving his own children in such conduct.  There are virtually no
> mitigating factors to counterbalance the many aggravating factors.

(*Id.*).  (Judgment at 12).

On March 12, 2015, Mackenzie appealed his sentence *pro se*, challenging his indictment,

his guilty plea, and the application of the sentencing guidelines to the facts of his case.  (*See*

Judgment of the U.S. Court of Appeals for the First Circuit, No. 15-1339 at 1, Docket No. 137).

The First Circuit affirmed the decision, finding:  "Mac[k]enzie's autobiographical account of his

violent criminal past, his prior frauds, and his disreputable behavior while in custody are all

highly relevant to the choice of sentence, and entitled to great weight.  Mac[k]enzie's

incorrigibility is impossible to ignore, and the district court reasonably viewed a long prison term

as a grim necessity to protect the public."  (*Id.*).

On May 15, 2017, Mackenzie filed a petition for a writ of habeas corpus under 28 U.S.C.

§ 2255, contending, among other things, that sentencing guideline amendments 791 and 792 should be applied retroactively to lower the guideline range for his fraud charges, that his attorney failed to object to the alleged "double counting" of several sentencing guideline enhancements, that his counsel failed to object to the inclusion of a one-point enhancement for a dismissed larceny charge from 1993, and that his attorney had a conflict of interest.  On November 16, 2017, the Court denied the petition.

On October 11, 2018, Mackenzie filed the present motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), contending (1) that amendments 791 and 792 should be applied retroactively to reduce the guideline range; (2) that the enhancements for misrepresentation of a religious organization and abuse of a position of trust should not have been applied simultaneously; and (3) that the "double counting" of a previously dismissed larceny charge and an alleged conflict of interest of his counsel "facilitated 'clear error.'"

## II.      Analysis

A federal court by and large "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Under limited circumstances, however, a district court may reduce the defendant's sentence (1) if the Sentencing Commission subsequently lowers the applicable sentencing guidelines range and (2) after considering the factors under 18 U.S.C. § 3553(a) and any applicable policy statements issued by the Sentencing Commission.  *Id.* § 3582(c)(2).

There are two steps to the analysis the court must perform under § 3582(c)(2).  First, the court considers "whether it has the legal authority to grant the reduction requested."  *United States v. Zayas-Ortiz*, 808 F.3d 520, 523 (1st Cir. 2015) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).  A reduction is only available if the Sentencing Commission made the

amendment retroactive.  *Dillon*, 560 U.S. at 826 ("A court's power under §

3582(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the

Guidelines but to make the amendment retroactive."); *see* U.S.S.G. § 1B1.10.  Second, for

retroactive amendments, the court considers the factors under 18 U.S.C. § 3553(a), including the

nature of the offense and the history and characteristics of the defendant.  *Dillon*, 560 U.S. at

826.  Proceedings under § 3582(c)(2), however, do not constitute a full resentencing of the

defendant.  *United States v. Rodriguez-Rosado*, 909 F.3d 472, 479 (1st Cir. 2018).

### A.     Ground 1 – U.S.S.G. Amendments 791 and 792

First, Mackenzie contends that while his sentence was pending appeal, amendments 791

and 792 to the sentencing guidelines were promulgated, and that those amendments should be

applied retroactively to lower the guideline range for his fraud charges.

Mackenzie's contention has been considered and rejected this Court and by the First

Circuit.  In his appeal, he asserted a right to remand for consideration of retroactive application

of the revisions to the sentencing guidelines.  (First Cir. Judgment, No. 15-1339 at 2, Docket No.

137).  The First Circuit disagreed, noting that it could "identify no right to retroactivity or

reconsideration under Amendments 791 and 792 to the guidelines or elsewhere."  (*Id.*).  The

Court can ascertain no reason why that decision should not be binding and apply here.

Accordingly, Mackenzie has failed to show that he is entitled to a modification of his

sentence under 18 U.S.C. § 3582(c)(2).

### B.     Ground 2 – Simultaneous Application of Sentencing Enhancements and Ground 3 – Previously Dismissed Larceny Charge and Alleged Conflict of Interest of Counsel

Mackenzie also objects to three other enhancements that were applied to his sentence:  a

two-level enhancement for misrepresenting that he was acting on behalf of a religious

organization (U.S.S.G. § 2B1.1(b)(9)(A)), a two-level enhancement for abusing a position of trust (U.S.S.G. § 3B1.3), and a one-point enhancement for a dismissed larceny charge from 1993.  (PSR 8, 27).  Specifically, he contends that the enhancements for misrepresentation of a religious organization and abuse of position of trust should not have been applied simultaneously.  He further contends that the double-counting of the previously dismissed larceny charge and the alleged conflict of interest of his counsel "facilitated 'clear error.'"

Those claims fall outside the narrow scope of 18 U.S.C. § 3582(c)(2).  To be entitled to a retroactive sentence reduction, a defendant must demonstrate that he "has been sentenced to a term of imprisonment based on a sentencing range that *has subsequently been lowered by the Sentencing Commission*."  18 U.S.C. § 3582(c)(2) (emphasis added).  Because his allegations of "double counting" and a conflict of interest of counsel are not based on amendments by the Sentencing Commission, § 3582 does not entitle him to relief.

Even if the Court were to reach the merits of Mackenzie's allegations, his contentions fail regardless.  He made similar allegations of double counting and conflict of interest in his habeas petition.  The Court rejected those contentions, and again can ascertain no reason why it should revisit those issues.

### III.    Conclusion

For the foregoing reasons, defendant's motion to modify his sentence under 18 U.S.C. § 3582 is DENIED.

**So Ordered.**

<br>

/s/ F. Dennis Saylor IV

F. Dennis Saylor IV

Dated:  May 9, 2019                                          United States District Judge