IN THE UNITED STATERS DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS


EDWARD MACKENZIE

    PETITIONER


v.

UNITED STATES OF AMERICA

    RESPONDENT

Case #13-cr-10149-FDS

## EMERGENCY MOTION FOR MODIFICATION OF SENTENCE
## PURSUANT TO AMENDED 18 U.S.C.§3582(c)()(A)
## IN LIGHT OF THE IMMINENT SPREAD OF THE COVID-19 VIRUS.


## INTRODUCTION

Now comes Edward Mackenzie, the "Petitioner" in the above captioned matter, respectfully asking that his sentence be modified pursuant to 18 U.S.C.§3582(c)(1)(A)(i) in light of the COVID-19 pandemic. Mr. Mackenzie is presently incarcerated at the the Federal Medical Center, Devens MA, a federal prison camp.

Mr.Mackenzie, is sixty two years old and he suffers from High Blood Pressure and other respiratory disease for which he takes amLODIPine and uses Flutisasone Prop, nasal spray, respectively. These underlying conditions are what puts him at significant risk of contracting the COVID-19 virus and there is sufficient medical

evidence which indicates that he could possibly succumb to the virus.

We ask that you find that the COVID-19 poses a risk to Mr. Mackenzie's health which amounts to "an extraordinary and compelling" circumstances that warrants transferring him to serve the remainder of his sentence with special conditions to Home Confinement for the duration of his sentence. He has maintained an unblemished disciplinary record while incarcerated, and he has been classified by the Bureau of Prisons as having a PATTERN risk score of minimum, meaning that the likelihood of his recidivism is minimal. He is also at the current lowest custody level of community custody. As you are aware COVID-19 is highly contagious and is spreading at a rapid rate throughout the prison system.

FACTUAL BACKGROUND

On  May 22, 2013 Mr. Makenzie was arrested based on a 14 count indictment.

On October 21, 2013, Mr. Mackenzie pled guilty to 13 counts of the indictment.

On March 6m 2015 Mr. Mackenzie was sentenced to a term of 144 moths of imprionment.

On March 23, 2020 Mr. Mackenzie filed a  a request with the Warden for compassionate release and as of the filing of this motion the Warden has not responded (See Exhibit 1). Mr. Mackenzie cannot exhaust his administrative remedy, because it will be futile, the Covid-19 virus is spreading rapidly and an

administrative appeal will take approximately 5 months. See **MELENDEZ** v. **Steve Mora (Warden)**, LEXIS 14937 "A prisoner's failure to exhaust available **administrative remedies** may be excused when pursuing such remedies would be **futile** or unable to afford the petitioner the relief sought". See **Portela-Gonzalez v. Secretary of the Navy,** 109 F. 3d. 74, ''7 (1st.Cir. 1997).(the same)REDUCTION OF SENTENCE STANDARDS

A court's ability to modify a sentence after it has been imposed is extremely limited. One way a court may modify a sentence is through "compassionate release" as outlined in 18 U.S.C. §3582(c)(1)(A), which was recently modified by the First Step Act (FSA). See Pub. L. No. 115-391, §603. In the past, 18 U.S.C. §3582 (c)(1)(A) permitted a court to reduce a defendant's term of imprisonment only upon motion of the Director of the Bureau of Prisons (BOP). The FSA modified §3582 (c)(1)(A) such that a prisoner may now directly petition the court "after the prisoner has fully exhausted all adiminstrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the prisoners behalf or the lapse of 30 days from the receipt of such a request by the Warden of the institution where he is incarcerated, whichever is earlier.

If a prisoner exhausts administrative remedies, the court may, upon a motion of the prisoner reduce his sentence, after considering the factors set forth in 18 U.S.C. §3553(a) to the extent they are applicable, if the court finds that:

(i)**extraordinary and compelling** reasons warrant such a

reduction.

.

EXTRAORDARY AND COMPELLING REASONS:

As of Tuesday April 7 by the afternoon, 318 federal inmates and 175 BOP staff members had tested positive for COVID-19 nationwide, according to the BOP. There have been eight federal inmates deaths, including the five at Oakdale. No BOP staff members have died from the COVID-19 disease, according to the BOP.

Patrick Jones, a prisoner at Oakdale poured his heart out to the district judge asking for compassionate release. Jones fit the criterion of an at risk inmate at Oakdale eligible to be released to Home Confinement and the District Judge agreed. However, the government barked and the judge denied Mr. Jones request to be released to a safer environment where he can practice social distancing. Mr. Jones was the first federal prisoner to succumb to the virus.

In the Commonwealth of Massachussets, as of the filing of this motion, more than 20,974 individuals have tested positive for the virus, resuliting in at least 599 deaths. The majority of Bay State residents infected live in Middlesex, Suffolk, Norfolk, Worcester and Plymouth counties. FPC Devens is located in the heart of one of those counties.

According to the World Health Organization, the population most at risk of suffering a severe form of the disease include "older people, and those with underlying medical problems like cardiovascular disease, diabetes, asthma and high blood pressure."

The CDC has explained similar underlying medical conditions expose certain individuals to contacting the virus. Mr. Mackenzie is 62 years old and  he suffers from High Blood pressure with other respiratory disease, which makes him more susceptible to contracting the virus which could be fatal.

As one public health expert has explained: "if you wanted to set up a situation that would promote rapid transmission of a respiratory virus, you would say prison: the living arrangements here at Devens, is designed in such a way that there are two inmates to each cube, they share a very small space.

Other experts describe the possibility of "accelerated transmission and poor health outcomes of patiens with COVID-19 in prisons and jails as "extraordinary high" due not only to the close quarters to which the inmates reside, but also the quality and quantity of available medical care; which is inadequate because of the virus.

The fact that hundreds of individuals from staff to new arrestees enter and leave detention facilities daily. These dangers are not theoretical. During COVID-19 outbreak in China, prisons became hotbeds of infection despite stringent control measures and press reports indicate that the same is not happening in Federal Prisons throughout the country and therefore, Fort Devens is not immune from the disease. It is simply a matter of time before the disease gets a hold of the inmate population at the camp, and to say it bluntly, if Mr. Mackenzie was to contract the virus ;he will die.

Attorney William Barr has directed the Bureau of Prisons to start releasing at risk inmates, based on certain Criteria as follows: See EXHIBIT 2

.The security level of the facility currently holding the inmate, with priroty given to inmates residing in low and minimum security facilities;

.The inmate's conduct in prison, with inmates who engaged in violent or gang related activity in prison or who have incurred a BOP violation within the last year not receiving priority treatment under this Memorandum;

.Whether the inmate has demonstrated and verifiable re-entery plan that will prevent recividism and maximum public safety, including verifciation that the conditions under which the inmate would be confined upon release would present a lower risk of contracting than the inmate would face in his or her BOP facility;

.The inmate's crime of conviction, and assessment of the danger posed by the inmate to the community. Some offenses, such as sex offenses should weigh more heavily against consideration for home detention.

Mr. Mackenzie has a PATTERN risk score of minimum and meets all other requirements, but he was not selected by the BOP for Home Confinement.

Other courts have been releasing federal prisoners because of the imminent risk of contracting the virus See **United States v. Zuckerman** (S.J.) N.Y. April 3, 2020) modifying defendants sentence

-6-

to replace his outstanding term of imprisonment with an equal period of home confinement), See United States v. Campagna, 2020 WL 1489828 (S.D. N.Y. Mar. 27 2020) modifying defendant's sentence to replace his outstanding term of imprisonment with and equal period of home incarceration), **United States v. Foster** No. 1:14-cr-324-02 (MD Pa. Apr. 3, 2020) ("The circumstances faced by our prison system during this highly contagious, potentially fatal global pandemic are unprecedented. It is no stretch to call this environment "extraordinary and compelling", and we well believe that, should we not reduce Defendant's sentence, Defendant has a high likelihood of contracting COVID-19 from which he would "not be expected to recover" USSG§ 1B1.13. No rationale is more compelling or extraordinary) also see **United States v. Rodney W. Russell**, 1:12-cr-16-JAW-2 (D. ME Mar. 2020), Mr. Russel complained that the conditions at Fort Devens Prison Camp as "exceptional circumstances" based on the living arrangements and the inadequate health care, because of the nature of the COVID-19 virus). The District Court agreed and released him on bond pending appeal.

RELIEF REQUESTED

Mr. Mackenzie respectfully requests that the court releases him to Home Confinement, where he will serve the remainder of his sentence at 911 Hanover Street, Hanover MA, along with his ex wife, my oldest daughter Courtney, and my other daughter Lauren. 3553(a) factors;

In prison, he has a spotless, incident free, and an exemplary record. He has served his time without any violent or aggressive

incidents on his BOP file. His documented exemplary record started while he was at Wyatt, See **Exhibit 3**

Even at FMC Devens, petitioner has qualified for the elite Community Outreach Program which means that the Petitioner has "Community Custody" to go out and speak to High Schools and Colleges to give some guidance and insights of his experience to young people in Massachusetts and New England. Se letter from Captain Coons of FMC Devens attached as **Exhibit 4.**

The outreach program was the number one program cited by the BOP and the Attorney General in his press release describing the implementation of the First Step Act. The Community Outreach Program is a select program with only 6-7 inmates participating, and Community Custody means that the Petitioner is already qualified to reside in the community.

On March 17, 2020 Mr. Mackenzie's daughter passed away, Devin was the mother of a 3 year old, who was placed in foster care. Mr. Mackenzie, will be taking over as the child custodial father upon release.

**WHEREFORE,** Mr. Mackenzie states that his inability to social distance in the prison is apparent, and puts him at risk to contracting the virus as it rapidly spreads throughout the Bureau of Prisons, he asks this Court for Compassionate Release.


Respectfully Submitted,


Edward Mackenzie

Federal Medical Center, Devens MA

P.O. Box 879

Ayer, MA 01432

April 13, 2020


CERTIFICATE OF SERVICE

I Edward Mackenzie, certify that on April 13, 2020 I mailed a copy of this motion by First Class Mail, United States Postal Service, to the Clerk of Courts for filing and the government will be notified electronically.


Respecfully

Edward Mackenzie April 13, 2020

-9

EVOLVING STATISTIICS

As  of April 11, 2020, there were 504,780 cases in the United States and 18,763 deaths. In Massachusetts there were 20,974 confirmed cases and 599 deaths and in Middlesex county where the Federal Prison Camp is located there were 4,845 cases. As it relates to Bureau of Prisons, nationally there were 48 Bureau of prisons institutions affected with the COVID-19 virus, and 335 federal inmates and, 185 BOP have been confirmed infected with 9 deaths.

There is a growing number of federal court decisions granting sentence reductions using §3582(c)(1)(A) because of the "extraordinary and compelling" public health crisis created by COVID-19 as follows: United States v. McCarthy, (No. 3:17-CR-0230) (D. Conn. Apr. 8 2020); United States v. Hansen, (No. 07-CR-00520) (EDNY Apr. 8, 2020); United States v. Trent,(No. 16-cr-00178-CRB-1) (BD Cal. Apr. 9, 2020); United States v. Plunk, ( No. 3:94-cr-36-TMB) (D. Alaska Apr. 9, 2020); United States v. Decator, ( No. CCB-95-0202) (D. MD April 6, 2020 United States v. Millan, (No. 91-CR-685(LAP)(SDNY April 6, 2020); United States v. Marin, ( No. 15-cr-252) (E.D.N.Y. Mar. 30, 2020); United States v. Powell, ( No. 94-cr-00316) (D.D.C. Mar. 28, 2020). United States v. Kirk Brannan, Case 4:15-cr-00080,(S.D. of Texas Apr. 2020) United States vs. Resnick, 12-cr-152-cm (S.D. NY Apr. 2020) United States v. Jlatrice Colvin 3:19-cr-1279 (D.CT. Apr. 2 2020) (addressing exhaustion requirements and not requiring it in light of the pandemic, exceptional circumstances).