UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                                       )<br>)<br>EDWARD J. MACKENZIE, JR.,                     )<br>)<br>   Defendant.                                               )<br>                                                                       ) | Criminal No.<br>13-10149-FDS |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582**

**SAYLOR, C.J.**

This is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the health risks posed by the current COVID-19 pandemic. In October 2014, defendant Edward J. Mackenzie, Jr., was convicted of one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d), one count of racketeering in violation of 18 U.S.C. § 1962(c), two counts of mail fraud conspiracy in violation of 18 U.S.C. § 1349, one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h) and 18 U.S.C. § 1956(a)(1)(B)(i), and eight counts of wire fraud in violation of 18 U.S.C. § 1343. He was sentenced to a 144-month term of incarceration, followed by a three-year term of supervised release and restitution totaling $754,569.74.

Mackenzie has moved for compassionate release to serve the remainder of his prison term in home confinement, due to "extraordinary and compelling" reasons related to the current coronavirus pandemic. For the following reasons, the motion will be denied.

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, upon motion of the Director of the Bureau of Prisons,

or upon motion of the defendant after exhausting his administrative rights to appeal the failure of the Bureau of Prisons to bring such motion or the lapse of 30 days from submitting a request to the warden of his facility, whichever is earlier, a court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Here, defendant submitted his request for compassionate release to the warden of his facility, Federal Medical Center (FMC) Devens, on March 25, 2020, and the 30-day period expired on April 24, 2020. (Inmate Request for Compassionate Release Consideration, Def. Mot. Ex. 1). Therefore, the Court has jurisdiction to consider his request.

In deciding whether to reduce a sentence under § 3582, a court must consider the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and history and characteristics of the defendant, and applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement, U.S. Sentencing Guidelines § 1B1.13, clarifies that "extraordinary and compelling reasons" include medical condition, age, family circumstances, or other reasons as determined by the Bureau of Prisons. *See* U.S.S.G. § 1B1.13; Bureau of Prisons Program Statement 5050.50 (2019). It also states that a court must find that "the defendant is not a danger to the safety of any other person or to the community" in order to grant compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). U.S.S.G. § 1B1.13.

Here, defendant contends that his medical condition and family circumstances constitute extraordinary and compelling reasons for his release. Specifically, he argues that there is a heightened risk that he will contract a serious, life-threatening illness from the current COVID-19 pandemic. According to the Sentencing Guidelines, a medical condition qualifies as an "extraordinary and compelling" reason for release if it is a "serious physical or medical

condition," a "serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process" that is severe enough to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). A generalized risk of infection is insufficient.

The Court is, of course, well aware of the impact of the pandemic, and the particular dangers posed by the disease in a prison setting. However, defendant has not shown that he is at materially greater risk of infection than any other incarcerated person. He states that he is at elevated risk because he suffers from high blood pressure and rhinitis (nasal congestion); however, both conditions appear to be effectively controlled with medication, and neither, as of this writing, has been identified as a risk factor for COVID-19 complications. *People Who Are at Higher Risk for Severe Illness*, Center for Disease Control and Prevention (Apr. 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. At 61 years old, he is not in the high-risk age category for severe illness due to COVID-19. *Id.* To date, it appears that one inmate, and no staff members, at FMC Devens have become infected with the virus, and the Bureau of Prisons has instituted precautionary measures to prevent transmission. *See* Federal Bureau of Prisons – COVID-19 Cases, https://www.bop.gov/coronavirus (last accessed Apr. 29, 2020) (listing number of confirmed cases in each correctional facility); *see also* Shaw Aff., Gov't Supp. Opp. Ex. A (discussing precautionary measures). In sum, the evidence in the record does not support a finding that defendant's medical conditions or prison conditions make him especially vulnerable to infection, let alone the kind of serious, debilitating impairment that would qualify as an extraordinary and compelling reason for release.

Defendant further contends that "extraordinary and compelling" family circumstances necessitate his immediate release: specifically, the death of his daughter Devin and his desire to adopt her minor child, his three-year-old grandson. The Sentencing Guidelines recognize "the death or incapacitation of the caregiver of the defendant's minor child or . . . children" and "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" as extraordinary or compelling family circumstances justifying release. U.S.S.G. § 1B1.13 cmt. n.1(C). The Guidelines do not include the care of minor grandchildren in this category. *Id.* Even if they did, there is no indication that defendant is the only available caretaker for his grandson, who is currently living in kinship foster care with his aunt, defendant's other daughter. (Inmate Request for Compassionate Release Consideration, Def. Mot. Ex. 1). Defendant's desire to care for his grandson, while commendable, does not qualify as an extraordinary and compelling family circumstance as contemplated by the relevant policy statements of the Sentencing Commission.

Even if this Court were to find extraordinary and compelling circumstances for defendant's release, it would also need to consider whether he is a safety risk and the other sentencing factors under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2). Defendant contends that he does not pose "a danger to the safety of any other person or . . . the community," citing his lack of disciplinary infractions while incarcerated, participation in numerous rehabilitative programs, low PATTERN risk score, and plan to serve his period of home confinement in the house of his ex-wife and two adult daughters. U.S.S.G. § 1B1.13(2). However, the Court nonetheless finds that he still poses such a danger, based on his criminal history and the nature of the crime. *See id.*; 18 U.S.C. § 3142(g). Indeed, the Bureau of Prisons, in an independent review, found defendant ineligible for early release and home confinement

under the Elderly Offender Program of the First Step Act and the CARES Act because of his prior conviction for armed robbery, a serious and violent offense that weighs heavily against home detention.  (Gov't Opp. at 3).  *See also* Memorandum from Attorney General William Barr to Director of the Bureau of Prisons Michael Carvajal on Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic (Mar. 26, 2020), https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf.

The sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant, also weigh heavily against granting release. The Court based its 144-month sentence in substantial part on defendant's "lengthy history of fraud and violence," the "elaborate and calculating" nature of his crime, which defrauded a church and its elderly congregation, and his inappropriate attempts to manipulate his own children in his criminal conduct.  (Judgment at 12, Dkt. No. 109).  Nothing in the intervening years has diminished the seriousness of his offense or the nature of his criminal history, and nothing in the record suggests that releasing him 40 months early from his prison term is appropriate.

In summary, based on the seriousness of defendant's offense, the relatively low portion of his 144-month sentence that he has served, the danger to the community if he were to be released, the lack of qualifying family circumstances, and the defendant's failure to show that he is materially more at risk for a serious medical condition due to the COVID-19 pandemic than the general prison population, the Court does not find that "extraordinary and compelling reasons" warrant a reduction of his sentence.  Accordingly, and for the foregoing reasons, the defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

**So Ordered.**

                                                /s/ F. Dennis Saylor IV
                                                F. Dennis Saylor, IV
Dated:  May 1, 2020                         Chief Judge, United States District Court