UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

EDWARD MACKENZIE

    PETITIONER

v.

UNITED STATES OF AMERICA

    RESPONDENT            Case#13-cr-10149-FDS



MOTION FOR RECONSIDERATION OF PETITIONER"S

MOTION PURSUANT TO 18.U.S.C. §3582

INTRODUCTION:

    Now comes, EDWARD MACKENZIE respectfully asking that this
court reconsiders his request for compassionate release, because
the conditions at the prison has changed tremendously and his
health conditions is still a factor being considered by the
Bureau of Prisons as a risk factor to qualify inmates for early
release, which makes his claim that there exist "extraordinary
and compelling reasons for a reduction of his sentence. In
denying Mr. Mackenzie's motion the court stated "In sum, the
evidence in the record does not support a finding that
defendant's medical conditions or prison conditions make him
especially vulnerable to infection", "In summary, based on the
seriousness of defendant's offense, the relatively low portion
of his 144-month sentence that he has served, the danger to the
community if he were to be released, the lack of qualifying
family circumstances, and the defendant's failure to show that
he is materially more at risk for a serious medical condition

-1-

due to COVID-19 pandemic than the general prison population, the
Court does not find that "extraordinary and compelling reasons"
warrant a reduction of his sentence". The infection at FMC
Devens continues to rise( 1 death three weeks ago, 10 inmates
and two staff on Friday May 15, 2020, Tuesday May 19, 18 inmates
and two staff, Wednesday May 20, 2020, 20 inmates, two staff and
one death and Thursday May 21, 21 inmates, 2 staff and one
death).

The BOP at FMC Devens mitigation efforts continues to fail
tremendously.

Mr. Mackenzie renews his position, which he first presented to
this court, that he would like his sentence modified, so that he
can serve the remainder of his sentence in Home Confinement,
because the living arrangements and conditions at
FMC Devens (CAMP), creates an inherent risk of him contracting
COVID-19, which could imperil his survival.

This is so because the Bureau of Prisons at
FMC Devens (CAMP) has failed to adequately implement procedures
to protect Mr. Mackenzie from contracting the COVID-19 virus and
also failed to follow CDC guidelines as explained and
highlighted below:

Moreover the efforts made by FMC Devens (CAMP)' to prevent
the virus from spreading has shown to be insufficient by the
rapid spread of the virus at the medical center.

Additionally, the court referenced that the BOP

independent review, found Mr. Mackenzie ineligible for early release under the Elderly Offender Program of the First Step Act and the CARES Act because of his prior conviction for armed robbery, a serious and violent offense that weighs heavily against home detention. That comparison is inaccurate because the First Step Act preclusion for violence in the elderly program was intended by Congress and is required by statute.

The CARES Act is different, it modified 3624(c) expanding the Home Confinement authority to the maximum amount of time and in administering that law, attorney General Barr stated specifically that the BOP should as one of the criteria's " The inmate's crime of conviction, and assessment of the danger posed by the inmate to the community". This court did not look to the crime of conviction but rather, looked at Mr. Mackenzie's criminal history, which he admits is not appealing, but in the context of COVID-19, he faces a risk of contracting a serious virus, from which he is not expected to recover.U.S.S.G.§1B1.13.

The Bureau of prisons have estimated Mr. Mackenzie's projected release date of February 12, 2023 a little under three years.

### RECENT DEVELOPMENTS AT FMC DEVENS:

On May 20, 2020 the Bureau of prisons at Devens updated the Bureau's website and reported 20 infected inmates, two staff, and one death, this information, Mr. Mackenzie states is even worst than what is reported, because the Bureau's own staff are reporting that there is a significant amount of inmates who are

-3-

COVID -19 positive and testing is being rationed. This concealment led court(s) in this district and other districts to believe that FMC'S Devens efforts were sufficient to prevent the disease from becoming a threat to Mr. Mackenzie's health, which could cause him to suffer from a serious medical condition which he is not expected to recover and neither would he be able to provide self care at the place where he is incarcerated

This is not the end here...on May 13, 2020 the Warden of the institution testified at a compassionate release hearing related to an FMC inmate, Robert Pena and notably when asked by the court how many inmates were infected, he did not know the answer or answered incorrectly. That hearing is compelling, it shows that the administration at Devens is taking measures to undermine the magnitude of infections at the institution rather than being candid with the court(s). See **United States v. Pena** Crim. No. 16-10236-MLW (D. Mass. May 15, 2020),(granting compassionate release and modifing Mr. Pena's sentence.), also see **United States v. John Dimenna** Crim. No, 3-1ⁱ -cr-202(VAB) (D. Conn. May 11, 2020) (granting compassionate release to Mr. Dimenna and noting that FMC Devens (CAMP)ⁱ was only reporting 1 death at that time.ⁱⁱ, **United States v. Frankie Hoover** (D. Vt. May 18, 2020)(releasing Mr. Hoover based on his medical conditions and the conditions at FMC Devens), **United States v. William Bischoff** Crim. No. 1ⁱⁱ-cr-196-01-JD(D. Maine May 19, 2020), (releasing Mr. Bischoff based on his age and the conditions at FMC Devens). Indeed courts in this district and

-4-

other district are beginning to see and understand the magnitude
of FMC Devens shortcomings, by failing to follow the
instructions given to the BOP by Attorney General, William Barr.

In Mr. Mackenzie's pending motion, he was unable to present
the facts as available now to this court, concerning Devens
inability to maintain a safe environment to protect
Mr. Mackenzie from contracting the deadly virus. Indeed Devens
has fallen short of doing so:

Devens has not provided sufficient space for social
distancing

The inmates at the camp are housed in an open
dormitory containing 64 bunk beds with no cells or other means
of isolating or social distancing;

Devens has only started testing inmates at the CAMP on
May 20, 2020, at the CAMP for COVID-19.

Devens has not been keeping the soap and hand
sanitizer filled;

Not having sufficient disinfectant for the inmates to
clean and disinfect their living quarters, actually on Friday
May 15, 2020, the CAMP counselor took all of the disinfectant
bottles from the inmates;

There are 10 sinks and 9 toilets and 16 showers (only
12 of the showers work) for all 90 inmates.

The showers are cleaned once in the early morning and
used an average of at least 8-10 times daily, without further
deep cleaning.

c                                    -5-

There now exist a plastic wall dividing the showers. This wall could easily act as a surface for the virus to nest, because it was done without any scientific or medical intervention.

The eating arrangements are not practical as they may seem, although the staff at FMC Devens (CAMP) tried to stagger the sittings, with limited space it still makes social distancing impractical. There are only six tables each with 12 seats (6 on each side). The tables are oval shaped with the two center seats on each side being approximately 3 feet apart and the four other seats being 1.5 feet apart. In order to social distance the CDC has recommended being 6 feet apart;

The TV room where the inmates sit and watch TV is also impractical to social distance. The chairs are lined up right next to each other and the inmates sit next to each other while watching TV. The TV room is not cleaned or sanitized during the day;

There are four phones and four computers available for all inmate use, the phones and computers are disinfected once per day;

The inmates have been given mask, which was made by UNICOR, they do not fit properly, the inmates cannot breathe through these masks, they are not made for the purposes intended, and the disposable mask must be worn for 10 days;

The staff from Devens went to the Federal Bureau of prison in Danbury to assist with the outbreak. After returning

the staff had the inmates clean the infected vehicles, without
proper PPE's. Shortly after the staff returned from Danbury, the
outbreak started at FMC Medical Center;

There is no regards for the inmates health, because
staff are afraid to clean the infected vehicles so they bring
the vehicles to the CAMP for the inmates to clean;

Inmates are used as door handlers at the medical
center and then those same inmates return to the CAMP after
being exposed to hundreds of staff which we now know some of
whom are infected;

The outbreak is growing very fast, because in addition
to what is now being reported on the BOP's site, there are
unconfirmed reports that the numbers could be as much as 25
inmates, 3 staff and 1 death, with many more symptomatic
inmates.

Mr. Mackenzie works in the kitchen at the CAMP, where
he interacts with all inmates and many staff, this is the risk
he is primarily concerned about, because staff at the CAMP also
work at the medical center, giving rise to the possibility for
cross infection.;

The spread of the virus is rising exponentially,
because Devens concealed the fact that there were infected
inmates at the medical center. The present contingency plan is
to lock down the prison CAMP and confine the inmates to tighter
living quarters, subjecting all of the inmates to exposure. The
rapid spread of the virus is the talk amongst staff and inmates,

-7-

who both fear for their lives and well being. It can no longer be accepted that Devens is doing an extraordinary job, because the evidence tells a different story.

Even inmates who are released to Home Confinement or who are released based on their statutory release dates are sent to quarantine in the SHU at the medical center for 14 days; which makes absolutely no sense from a risk standpoint, because the medical center is the epicenter of the disease at the prison. This could potentially cause the inmate to be infected.

## FMC DEVENS (CAMP)'CONDUCT IS "DELIBERATELY INDIFFERENT" TO THE ATTORNEY GENERAL'S INSTRUCTION.

The attorney general instructed the Bureau of Prisons to start releasing inmates based on the criteria Mr. Mackenzie stated in his original petition. The BOP has modified that criteria and even with that extensive modification, Mr. Mackenzie is still eligible for Home Confinement.

The Supreme court has recognized that government authorities may be deemed "deliberately indifferent to an inmate's current health problems" where authorities ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year" including "exposure of inmates to a serious symptoms. **Helling v. McKinney,** 509 U.S. 25, 33, 113 S. Ct. 2475 (1993". In the context of Mr. Mackenzie's claim, COVID-19 is very likely to cause a serious illness and cause needless suffering in the next week or month, because the virus is already present at the prison. The

risk of contracting COVID-19 in tightly -confined spaces,
especially jails, is now exceedingly obvious. It can no longer
be denied that petitioners like Mr. Mackenzie is caught in the
midst of a rapidly-unfolding public health crisis, needing
urgent judicial intervention.

### CONCLUSION:

As Mr. Mackenzie concludes he ask that the court recognize
the magnitude of FMC Devens failure to protect the inmate
population.

Mr. Mackenzie recognizes that he lived a past life for which
he is not proud off, he apologizes to this court for those
actions, and he makes no excuses. At sentencing this court has
already considered his criminal history. He states that it was
never the intention of the court to impose a death sentence,
which he now faces, if this court does not release him to a
safer environment. He ask the court to think about conditions
which the court could find suitable, to protect the community if
the court believes so.

Additionally, the inherent risk he is exposed to from which
he may not recover and in doing so he states that the BOP at
Devens will not be prejudiced if this court should grant,
Mr. Mackenzie's motion for compassionate release.


Respectfully Submitted


EDWARD MACKENZIE

Federal Medical Center, D evens    -9-

MA

PO Box 879

Ayer MA, 01432

May 20, 2020

## CERTIFICATE OF SERVICE

I EDWARD MACKENZIE certify, that on May 20, 2020 I Mailed a copy of this motion to the Clerk of courts for filing by First Class Mail, United States Postal Service and the government will be notified elctronically.

Respectfully

EDWARD MACKENZIE

May 20, 2020

10-