# United States Court of Appeals
## For the First Circuit

No. 17-2191

EDWARD J. MACKENZIE, JR.,

Petitioner - Appellant,

v.

UNITED STATES,

Respondent - Appellee.

Before

Thompson, Kayatta and Barron,
<u>Circuit Judges</u>.

**JUDGMENT**

Entered: September 11, 2020

    Edward Mackenzie perpetrated a long and involved scheme to steal from a Boston church where he was employed in a managerial position with fiduciary responsibilities. Eventually, he was convicted in the United States District Court for the District of Massachusetts for mail fraud, wire fraud, and related crimes. He was sentenced to a prison term of twelve years. His conviction and sentence were affirmed on direct appeal. Mackenzie then brought a motion under 28 U.S.C. § 2255. All his claims for relief were denied by the district court (expressly or constructively), but the district court granted a certificate of appealability (COA) as to three claims. This court denied a motion to expand the COA to additional claims.

    Mackenzie, acting pro se, has made a filing captioned as his brief, and emphasizes his contention that the transcript of his sentencing hearing supports his sentencing claims. The government has responded with a motion for summary affirmance under this court's Local Rule 27.0(c). Mackenzie has filed an opposition. Summary affirmance is appropriate only when it clearly appears that the appeal presents no "substantial question." 1st Cir. Loc. R. 27.0(c).

    All three of Mackenzie's certified claims are based on alleged ineffective assistance from his criminal defense attorney and, in one instance, an alleged conflict of interest between client and counsel. Claims of ineffective assistance generally are evaluated according to the familiar criteria of deficient performance and prejudicial effect enunciated in <u>Strickland</u> v. <u>Washington</u>,

466 U.S. 668 (1984), and its progeny. Claims of a conflict of interest are evaluated under the "actual conflict" standard, under which

> a defendant must demonstrate that (1) the lawyer could have pursued a plausible alternative defense strategy or tactic and (2) the alternative strategy or tactic was inherently in conflict with or not undertaken due to the attorney's other interests or loyalties.

United States v. Ponzo, 853 F.3d 558, 575 (1st Cir. 2017)(internal quotation marks omitted).

The first of Mackenzie's certified claims is that counsel's performance was deficient in failing to oppose the use of evidence obtained, without a warrant, from the monitoring of his communications in a privately-managed prison. More broadly, he asserts that

> "All of the Privately owned Prison Corporations are unlawfully using Department of Justice's Forms, Memorandums & other stationary fraudulently against their Private Institutions Inmates in violations of numerous Federal & State Statutes committing Fraud upon Mackenzie & others known and unknown nation-wide.

Supp. App'x at 123 (Petition with Supportive Memorandum of Law). Mackenzie's frontal attack on the authority of the government to delegate the monitoring of inmate communications, and other duties of prison security management, to private business entities might be called audacious and creative. However, he does not offer any sound reason to conclude that, as a matter of competent legal representation, such a novel and untested challenge would have had to commend itself to the mind of any reasonable defense attorney, nor does Mackenzie offer any reason to believe such a challenge might have been availing. The omission of this argument by defense counsel during sentencing did not constitute ineffective assistance.

The second certified ineffective assistance claim is two-pronged. Mackenzie claims that counsel failed to oppose 'double-counting' in the calculation of his exposure under the federal sentencing guidelines, and that counsel had a "conflict of interest" because counsel previously had served as a prosecutor in an office that obtained prior convictions against Mackenzie.

The claim of ineffective assistance as to "double-counting" is simply belied by the presence of "Objection #2" on page 46 of the presentence report. Counsel argued that the guideline enhancements being imposed were inappropriately cumulative, but the sentencing court was not persuaded. See Supp. App'x at 75 (*sentencing transcript*). Mackenzie digresses to offer sundry other criticisms of his sentencing, but he does not make any logical connection between them and anything resembling ineffective assistance by counsel. See id. at 125-131.

The claim of a conflict of interest turns on the assertion that defense counsel, in his prior tenure as a state prosecutor, had a hand in earlier state court convictions that wound up being scored against Mackenzie under the federal sentencing guidelines dealing with criminal history category. The claim is short on specifics, but, even were we to accept the factual premises underlying the claim, it would fail. For his claim to succeed, Mackenzie must point to, inter alia,

"a plausible alternative defense strategy or tactic" forgone by counsel on account of a conflict of interests. Ponzo, 853 F.3d at 575. Mackenzie has identified no viable basis for challenging the scoring of his prior convictions and sentences in the PSR guideline calculations, or otherwise mitigating their effect, nor has he shown any real conflict between his own interests and those of his defense counsel in relation to this subject. Counsel would not have needed to assail the validity of the prior convictions and sentences in order to challenge their being counted under the fairly specific criminal history category guidelines. In sum, Mackenzie satisfies neither prong of the "actual conflict" test.

Mackenzie's last certified claim is that counsel failed to object to guideline sentencing enhancements that were really "core elements" of a crime that he says had to be charged and proven beyond a reasonable doubt. Citing Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, Mackenzie holds forth on general Sixth Amendment principles at some length. See Supp. App'x at 132-138. Unfortunately, he neglects to identify any specific aspect of the sentencing process or outcome for appellate scrutiny. Even so, if his pro se pleadings are construed with the utmost generosity, he may be understood to impugn each enhancement specified under the sentencing guidelines that was not set forth in the operative indictment and, thus, to allege ineffective assistance by counsel for failing to object to same. This species of argument is raised frequently in the federal courts and is, with equal frequency, rejected. See, e.g., United States v. Doe, 741 F.3d 217, 234 (1st Cir. 2013)("The import of all this is that it remains within the sentencing court's discretion to judicially find facts informing the sentence actually imposed, provided that any such fact does not trigger a mandatory minimum punishment or alter a statutory maximum, and that the ultimate sentence remains within the range of penalties set forth in the statute of conviction."); United States v. Zar, 790 F.3d 1036, 1055 (10th Cir. 2015)("[T]he judicial fact finding the defendants complain of occurred in the context of determining their applicable sentencing ranges under the advisory sentencing Guidelines."). The adequacy of counsel's assistance cannot be disparaged for leaving such a lemon of a legal argument unused. See Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999) ("[F]ailing to pursue a futile tactic does not amount to constitutional ineffectiveness.")(internal quotations omitted).

It is clear that this appeal presents no substantial question about any alleged violation of petitioner's constitutional right to effective assistance of counsel. The government's motion for summary disposition is **ALLOWED**. The judgment of the district court is **AFFIRMED**.

By the Court:

Maria R. Hamilton, Clerk

cc:
Zachary R. Hafer, Donald Campbell Lockhart, Dustin Ming Chao, Elysa Q. Wan, Edward J. MacKenzie Jr.