FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS MAY 11 PM 12: 00
BOSTON

U.S. DISTRICT COURT
DISTRICT OF

| | |
|---|---|
| Edward J. Mackenzie, Jr., ) Petitioner/Defendant, ) v. ) United States of America ) (AUSA's: Hafer and Chao) ) Respondents. ) | Civil #17-cv-10866-FDS. Criminal #13-cr-10149-FDS. Judge: Saylor, USDJ., May  9  , 2022. |

PETITIONER: MACKENZIE'S MOTION UNDER 18 U.S.C. SECTION 3582
REQUESTING MODIFICATION OF HIS ANKLE BRACELET AND HOUSE ARREST
TO BE PRECLUDED AND PROMPTLY START SERVING HIS SUPERVISED RELEASE
SENTENCE OF THREE YEARS

[1]          Mackenzie's Mitigating Factors

Post-Sentencing Rehabilitation accomplishments as required under

Supreme Court's Pepper III case and 18 U.S.C. Section 3553(a) factors:

[2] See post-sentencing rehabilitation accomplishments of Mackenzie

requesting modification in Mackenzie's home detention/ankle bracelet

to be precluded and to begin serving his three years of supervised

release of three years as allowed under both Supreme Court's Pepper

III, and statute 18 U.S.C. Section 3553(a) factors. See:

[3] According to statutory law 18 U.S.C. Section 3582 speaks

of 18 U.S.C. Section 3553(a) factors within its statutory benefits.

See Supreme Court's: Pepper III, Pepper v. US, 562 U.S. ___131 S.Ct.

___179 L.Ed.2d 196, 2011 U.S. LEXIS 1902  No  09-6822 decided 4-2-11,

now allows district court judges to further consider additional

mitigating factors to modify a defendant's sentence based upon

defendant's (Mackenzie's) post-sentencing rehabilitation accomplish-

ments. See Exhibits: 1-5 Mackenzie's Inmate History Educational

Data Trascript. Showing Mackenzie completed over 41 educational

courses and is disciplinary free for over 9 years. See Exhibits: 1-5.

[4] Mackenzie has a verifiable place of residence.

[5] Mackenzie is over 63 years of age and is on disability.

[6] Mackenzie has nearly 85% of his time of incarceration already served.

[7] Mackenzie has been incarcerated since May 21, 2013.

[8] Mackenzie has been released from custody on Sept. 17, 2020, to strict home-confinement/ankle bracelet under the elderly release pilot program.

[9] According to prevailing Supreme Court, U.S. Court of Appeals and District Court's has deemed Mackenzie a non-violent offender despite his 40 year old armed robbery conviction under MGL Chapter 265. Which had been deemed unconstitutionally vague thus no law at all according to Supreme Court Justice Gorsuch in Davis. See Davis, 139 S.Ct. 2319 (2019) First page. (And a not a crime of violence).

[10]  See also a slew of other supportive cases showing that:

RICO, RICO Conspiracy, Conspiracy To Murder and Armed Robbery under Massachusetts General Law Chapter 265 are not crimes of violence See:

[11] Mackenzie is a non-violent offender as his over 40 year old armed robbery conviction in Massachusetts under MGL Chapter 265 is now deemed unconstitutionally vague, not a violent crime as well as Mackenzie's RICO conviction. See Capers,17-1836-cr (2nd Cir.2021).

[12] US v. Flannery, 230 F.Supp.3d 74, 2017 U.S. District LEXIS 15532, Cr-11-79-M. Feb. 1st 2017, held in relevant part that Massachusetts armed robbery is not a crime of violence.

[13]US v. Green, et al., No. 17-10346 (11th Cir.Aug.11,2020) held: "RICO conspiracy does not qualify as a crime of violence."

[14] US v. Descamps, ___ U.S. ___ 133 S.Ct. 2276, held since its force element encompasses conduct that does not qualify as violent force under Johnson I and Johnson II, because the force requirement under MGL Chapter 265 does not rise to the level of force required under Johnson I and Johnson II, and because it is divisible into offenses that do and do not require that level of force depicted in MGL Chapter 265 which contains conspiracy to murder, armed robbery among other crimes is categorically not a crime of violence.

[15] US v. Parnell, 818 F.3d 974, 981 and n.5 (9th Cir.2016) held: MGL Chapter 265 (which contain Massachusetts Armed Robbery) among other crimes deemed unconstitutionally vague and thus not a crime of violence.

[16] Mackenzie has no disciplinary record or history while in prison for over 9 years.

[17] Mackenzie passed all drug and alcohol testing since 2013.

[18] Mackenzie is a father of 7 children and a grandfather of 4 grand children.

## Conclusion

WHEREFORE, for all of the above specifically stated reasons Petitioner: Mackenzie most respectfully requests the following

relief from this Honorable Court:

    DEEM,   that Mackenzie has made a diligent effort via: his showing his above post-sentencing rehabilitation accomplishments, and generating core mitigating factors under both statutory law 18 U.S.C. Section 3582 and 18 U.S.C. Section 3553(a) factors and Supreme Court's: Pepper III, supra prevailing case law to allow this Court to modify his home-detention-ankle bracelet sentence by precluding it and allow him to commence serving his supervised release three year term;

3

<u>ORDER</u>, Mackenzie's request to begin serving his supervised release of three years in light of supra.

Signed under 28 U.S.C. Section 1746 under perjury the above and the following to be true, correct and complete. Pro-Se.

Respectfully Submitted By
Petitioner-Defendant-Affiant:

_Edward J. Mackenzie Jr.,_
17938-038
65 Backlund Drive
Brockton, Massachusetts
02302

Certificate of Service

I, Mackenzie hereby certify that I have sent this motion via: U.S. Mail-postage prepaid on this ___9___ day of **May**, **2022**, to the following:

Clerk of Courts
U.S. District Court
U.S. Courthouse
Suite 2300
One Courthouse Way
Boston, Massachusetts
02210.

AUSA's: Hafer and Chao
U.S. Attorney's Office
Suite 9200, 9th Floor
U.S. Courthouse
One Courthouse Way
Boston, Massachusetts
02210.

Edward J. Mackenzie Jr.,

4