UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 13-10149-FDS |
| | ) | |
| EDWARD MACKENZIE, | ) | |
| | ) | |
| Defendant | ) | |

<u>GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND MOTION
TO MODIFY HIS SENTENCE</u>

The government opposes defendant Mackenzie's Second Motion to Modify His Sentence (Dkt. No. 193, "Def. Mot.") in which he seeks, pursuant to 18 U.S.C. § 3582, to terminate the requirement that he remain at home with a GPS ankle-monitoring bracelet – a requirement that is scheduled to expire on August 12, 2022.

<u>Argument</u>

In this case, defendant Mackenzie is only eligible for compassionate release if the court finds "extraordinary and compelling reasons warrant such a reduction," after "considering the factors set forth in section 3553(a) to the extent they are applicable," 18 U.S.C. § 3582(c)(1)(A)(i).[1] Defendant Mackenzie, however, provides no extraordinary and compelling reasons to modify his sentence. Further, this defendant's criminal history for which this Court "based its 144-month sentence in substantial part on defendant's 'lengthy history of fraud and violence,' the 'elaborate and calculating' nature of his crime, which defrauded a church and its elderly congregation, and his inappropriate attempts to manipulate his own children in his criminal conduct" (*see* May 1, 2020 Order Denying Compassionate Release, Dkt. No. 187, citing to Judgment at 12, Dkt. No.

---

[1] The government incorporates by reference its April 21, 2020 Opposition to Defendant's Motion for Modification of His Sentence, Dkt. No. 173, as similar legal principles and underlying facts apply to defendant's instant motion.

109) provides more compelling reasons to reject his motion and maintain the defendant under his current conditions.

Defendant Mackenzie, a beneficiary of the First Step Act and early release, was released to home confinement with bracelet monitoring on September 17, 2020 – almost three years earlier than his projected statutory release date of August 12, 2023 (based on his 144-month original sentence of incarceration). With twenty-five percent of his original sentence reduced, defendant Mackenzie offers no compelling reasons why he cannot stay at home with an ankle bracelet for an additional three months. Other than describing the condition as "strict, home-confinement/ankle bracelet under the elderly release pilot program," (Def. Mot. at 2) the defendant offers no reason why the Court should be compelled to modify such lightly restrictive conditions.

And while defendant Mackenzie's participation in prison programing and clean disciplinary history are commendable yet modest achievements, defendant Mackenzie has already reaped the benefit of these achievements through the acquisition of good time credits (approximately 432 days of incarceration reduction) earned against his prison sentence. Again, defendant Mackenzie offers no compelling reasons why he should receive additional benefits to those he has already received.

Finally, defendant Mackenzie's argument that because his crimes of conviction were not crimes of violence he should be afforded modification of his sentence misses the mark. The Court sentenced defendant Mackenzie to a 144-month, above-Guidelines sentence, not because he committed a crime of violence, but because Mackenzie's crimes (preying upon an elderly church congregation), his violent criminal history (armed robbery), and his ongoing criminal activity (manipulating his family to lie in state court) merited a substantial, lengthy term of incarceration. The fact that Mackenzie received such a serious sentence despite the fact that his instant crimes

were not violent crimes speaks to how terrible this defendant's prior criminal history and characteristics are when measured under 18 U.S.C. § 3553.

Conclusion

Therefore, and for all the foregoing reasons, the government opposes defendant's Second Motion to Modify His Sentence (Dkt. No. 193).

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: /s/ Dustin Chao
DUSTIN CHAO
ELYSA Q. WAN
Assistant U.S. Attorneys

**Certificate of Service**

I certify that, on May 17, 2022, this document was sent via registered mail to the registered participant as identified on the Notice of Electronic Filing (NEF).

/s/ Dustin Chao
Dustin Chao