UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v. )<br> )<br>EDWARD J. MACKENZIE, JR., )<br> )<br>Defendant. ) | Crim. No. 13-CR-10149 FDS |

**GOVERNMENT'S OPPOSITION TO REQUEST FOR EARLY TERMINATION OF SUPERVISED RELEASE**

For nearly a decade, defendant Edward J. MacKenzie, Jr. preyed upon the elderly, the weak, and society's most vulnerable victims as the Director of Operations of a venerable church congregation known as the Boston Society of New Jerusalem on Beacon Hill (the "Church"). ECF Dkt. No. 105 at 1. Through a pattern of racketeering and brute intimidation of an elderly church population, MacKenzie systematically looted the Church of hundreds of thousands of dollars through a combination of fraud, deceit, extortion, theft, and bribery, which resulted in a 14-count indictment for Racketeering, Extortion, Money Laundering, Wire Fraud and other charges in 2013. *See* ECF Dkt. No. 5 at 9. Following his guilty plea, the Court sentenced the defendant on March 6, 2015 to a 144-month term of imprisonment, with three years of supervised release, and restitution in the amount of $754,569.74. ECF Dkt. No. 107. Because the defendant has failed to establish that he is entitled to his requested amount of time credit under the First Step Act, 18 U.S.C. § 3632 ("FSA"), and because early termination of supervised release is not in the interests of justice pursuant to 18 U.S.C. § 3583(e), the defendant's "Petition for Immediate Termination of Supervised Release" (ECF Dkt. No. 200, including supporting Memorandum, ECF Dkt. No. 201, hereinafter, "Def. Mem.") should be denied.

*Defendant Has Not Shown That He is Entitled to the Requested Time Credits*

At the outset, the defendant has not provided the Court with any proof or substantiation that he has qualified for FSA time credits other than his statement that he "had a 'prison job' in the Kitchen at Devens," and is thus "clearly entitled to 15 days off for 42 months, or roughly 21 months with only 17 months left to serve." Def. Mem. at 5. Even if the Court were to credit the defendant's work claim, his self-serving calculation does not pass muster.

Under the FSA, "A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). However, "[a] prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner **successfully completed [ ] prior to the date of enactment of this subchapter**[.]" 18 U.S.C. § 3632(d)(4)(B)(i) (emphasis added).

The FSA was enacted on or about December 21, 2018. According to BOP records submitted by the defendant, he did not begin his prison job until July 18, 2019. *See* ECF Dkt. No. 193-1 at 1. The defendant was released from prison due to the Covid-19 pandemic on September 17, 2020, see ECF Dkt. No. 193 at 2. Even assuming that MacKenzie successfully completed 30 days of work for every 30-day period on a continuous basis (i.e., not missing any days of work, with the exception of weekends and federal holidays), the defendant would have only successfully completed approximately 294 days of work.[1] Under the FSA, this would entitle the defendant to only 98 days of time credit or approximately three months and a few days, not the 21 months that defendant claims he is entitled to receive. For these reasons alone, the defendant is not entitled to have his supervised release immediately terminated.

2

*Early Termination of Supervised Release is Not in the Interests of Justice*

For those defendants that have walked through the doors of the Moakley Courthouse, MacKenzie is literally among the worst of the worst. *See* ECF Dkt. No. 105. Prior to inflicting his cancerous presence on the Church, MacKenzie had already lived a lifetime of violent crime. The defendant committed brutal and sadistic assaults on helpless victims (ECF Dkt. No. 105 at 5-6), he conned an elderly widow by preying upon her wealth and her desire to locate her missing son (*id.* at 7), he trafficked in narcotics (*id.* at 5), and he intimidated and threatened to kill one of his ex-wives (*id.* at 7-8).

If that were not enough, while detained in prison and awaiting his sentence, the defendant:

i. encouraged others to lie to facilitate his pre-trial release, PSR at ¶¶ 80-82;

ii. used his daughter to attempt to obtain $5,000 from a co-conspirator in return for MacKenzie agreeing to "protect" him by not providing information against him in this case, *id.* at ¶¶ 110-113;

iii. encouraged his daughter to lie to Quincy District Court on his behalf, *id.* at ¶¶ 114-115;

iv. orchestrated an insurance fraud against Commerce, *id.* at ¶¶ 116-118;

v. attempted a fraud on this Court by directing multiple individuals to lie in their sentencing letters to this Court, including one female individual whom MacKenzie instructed not to mention in a letter to this Court that she started dating MacKenzie when she was 14 years old because, "the judge might not understand, even though [she] was old enough," *id.* at ¶¶ 83-86;

vi. attempted to arrange for one of his daughters to have a sexual relationship with a "nasty" inmate whom MacKenzie met in jail in exchange for money, *id.* at ¶ 190; and

vii. encouraged his daughter to have sexual relations with his girlfriend while MacKenzie was in jail so that his girlfriend did not sleep with other men, *id.* at ¶ 191.

ECF Dkt. No. 105 at 3.

---

[1] In any event, the defendant has failed to satisfactorily prove that he **successfully completed** the necessary evidence-based recidivism reduction programming or productive activities. Until he does so, the defendant is not entitled to any reduction in his supervised release term.

At present, the defendant comes before this Court, stating that he helps with AA and Narcotics Anonymous, "even though I never really had a problem with alcohol and narcotics." Def. Mem. at 2.  He attempts to evoke sympathy for himself by mentioning the tragedy of his daughter's death from overdose.  *Id.* at 2.  And he attempts to assure the Court, claiming "I am not the man I was." *Id.* at 3.

If anything, the defendant's latest attempt to avoid full responsibility and punishment for his crimes (*see, e.g.*, Motion to Vacate under 2255, ECF Dkt. No. 141; Motion for Retroactive Application of Sentencing Guidelines, ECF Dkt. No. 161; Motion for Compassionate Release, ECF Dkt. No. 171; Motion for Revocation/Modification of Probation, ECF Dkt. No. 193), and the manner in which he has chosen to do so, shows that he is the same terrible person that he ever was.

He claims that *he* never had a problem with alcohol and narcotics, but MacKenzie conveniently ignores the fact that his criminal past includes his getting romantically involved with a teenage girl, whom **he regularly provided OxyContin**, which led to her addiction and entry into an in-patient treatment program (and which he paid for with looted Church money).  ECF Dkt. No. 105 at 3.  He mentions his daughter's death to garner sympathy, but neglects to acknowledge that he used and abused his daughters for his own personal gain.  *Id.* at 3.  Now he talks about his rehabilitation owing to Kung Fu, Zen Buddhism, and Joel Osteen.  *See* Def. Mem. at 3.  None of this merit early termination of supervised release.

Prior to modifying or terminating a term of supervised release, a court must consider the factors set forth in Section 3553(a), which include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence, and to protect the public, among other things. 18 U.S.C. § 3583(e).  Nothing that defendant has put forward is different from any other defendant's mere compliance with the terms of release.

4

> As a general matter, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Usually, early termination of supervised release "will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (internal quotations and citation omitted).

*United States v. Ferguson*, 2023 WL 8827691 (E.D. Michigan, Feb. 2, 2023).

The government recognizes that Probation on occasion seeks to recommend early termination of supervised release in an effort to conserve scarce resources, but this is not the appropriate defendant nor case to do so. This defendant looted hundreds of thousands of dollars from the Church, but has made minimal efforts to make amends or make even a negligible dent in satisfying the restitution in this case. He claims he "need[s] to get off Supervised Release so I can get a job to help support my extended family," but somehow finds the time to take his grandson to jujitsu, talk to youths in high schools and colleges, and coach at the YMCA. Def. Mem. at 2-3.

The defendant claims that he is entitled to time reduction under *United States v. Macfarlane*, 438 F. Supp.3d 125, 127 (D. Mass. Apr. 14, 2000), but neglects to acknowledge that key *Macfarlane* factors (e.g., defendant was non-violent first time offender, defendant was subject to quarantine in solitary confinement at a higher security facility) that influenced the court's decision have no application to him.

Simply put, the defendant's instant application to terminate his supervised release reads just like another con from a man who has spent a lifetime committing them. Indeed, nothing should be taken at face value from a defendant that encouraged his daughter to lie to the Quincy District Court on his behalf and then tried to defraud this Court at sentencing by directing multiple individuals to lie in their sentencing letters. Therefore, for all of the foregoing reasons, and given

the seriousness of the offense of conviction, the history and characteristics of the defendant, and the need to afford adequate deterrence, any reduction in this defendant's supervised release term for his mere compliance with the standard conditions of probation would not satisfy the interests of justice in this case. The defendant's motion should be denied.

Respectfully submitted,

JOSHUA S. LEVY  
Acting United States Attorney

By:     */s/ Dustin Chao*  
       DUSTIN CHAO  
       Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

*/s/ Dustin Chao*  
Dustin Chao  
Assistant U.S. Attorney

Date:   April 3, 2024